## EULRICH vs. RICHTER.

WATERCOURSE.    *(1) Instructions approved.  Watercourse formed by surface water.*

REVERSAL OF JUDGMENT:    *(2) For refusal of correct instructions.  (3) Because verdict contrary to weight of evidence.*

1. Where the court had instructed the jury that a watercourse is a stream of water flowing in a certain direction by a regular channel with banks or sides; had pointed out, in the language of this court, the distinction between such a stream which is dried up at certain seasons, and those occasional bursts of water which, in times of freshet or the melting of snow and ice, descend from the hills and inundate the country; and had charged that in the case of mere surface water, caused by rain or melting snow, which flows down a hollow or ravine in no defined channel, having no proper bed and banks, the proprietor of land over which the same may naturally flow has a right to keep it off or turn it away from such land; it was not error to further charge, that surface water without a spring, when it has flowed in a certain direction for such a length of time as to have naturally formed a bed and banks and well defined stream of flowing water, even though it may sometimes be dry at the place where it has formed such banks and bed, is still a watercourse at that point.

2. It is not error to refuse correct instructions asked for a party, where they are fully embraced in the instructions given.

3. This court will not disturb a judgment merely on the ground that the verdict is contrary to the weight of evidence.

APPEAL from the Circuit Court for *Winnebago* County.

Action for damages for the erection of a dam across an alleged brook or watercourse, causing flowage of plaintiff's land.  Answer, a general denial.  After the decision of this court upon a former appeal herein (37 Wis., 226–230), there was a second trial.  The testimony bearing upon the question whether there was a natural watercourse at the place alleged in the complaint, was very voluminous, and will not be stated.  The character of the instructions given to the jury, and especially the instruction to which exception was taken by the defendant, will sufficiently appear from the opinion.

The plaintiff had a verdict and judgment; a new trial was denied; and defendant appealed from the judgment.

The cause was submitted for the appellant on the brief of *Finch & Barber*. They contended, 1. That the facts established by the uncontradicted evidence in this case showed that the alleged watercourse upon plaintiff's land is a mere ravine, in which grass is grown and hay cut, and through which mere surface water flows during only a portion of the year, in consequence of rains or the melting of snows, without any regular bed or banks; and therefore the verdict was contrary to the evidence. Angell on W. C., § 4; *Hoyt v. Hudson*, 27 Wis., 661; *Fryer v. Warne*, 29 id., 514; *Eulrich v. Richter*, 37 id., 226; *Shields v. Arndt*, 3 Green Ch., 234; *Luther v. Winnisimmet Co.*, 9 Cush., 171; *Swett v. Cutts*, 50 N. H., 439. 2. That the instruction excepted to should have been qualified by stating that the flow of the water " must be usual," to constitute a watercourse. 3. That the instructions asked by defendant should have been given.

For the respondent, a brief was filed by *Felker & Weisbrod*, and the cause was argued orally by *C. W. Felker*. They contended that, to constitute a watercourse, it is not necessary that the bed and banks should be plainly marked and well defined *along its entire channel* (*Shields v. Arndt*, 3 Green Ch., 246–7; *Gillett v. Johnson*, 30 Conn., 180; Angell on W. C., 6th ed., ch. 1, § 4, and cases there cited); nor is it necessary that the water should be supplied by a spring (*Hoyt v. Hudson*, 27 Wis., 660); that the instructions given in this case were correct, and the evidence sufficient to sustain a finding that there was a watercourse within the legal definition; and that even if this were not so, the evidence showed that a large surface of country is drained through the channel or ravine in question, and that it would be injurious to the interests of agriculture to permit it to be obstructed, and therefore the case is within the exception mentioned in *Hoyt v. Hudson*, p. 663, and sanctioned by *Bowlsby v. Speer*, there cited.

COLE, J. The first error assigned in this case is, that the verdict is unsupported by the testimony. Whether the preponderance of testimony may not be against the assumption that the *locus in quo* was a watercourse in the legal sense, is a question we shall not consider. For certainly there is evidence from which the jury might very properly have found that it was a watercourse which the defendant had obstructed; and this is all we deem it necessary to say in respect to the first error assigned. We have so frequently declined to disturb a verdict on the mere ground that it was contrary to the weight of evidence, that the rule should be deemed settled.

Another exception relied on for a reversal of the judgment is the alleged error in the charge wherein the learned circuit judge instructed the jury that surface water without a spring, whenever it had flowed in a certain direction for such a length of time as to have naturally formed a bed and banks, and a well defined stream of flowing water, even though it might sometimes be dry at the place where it had formed such banks and bed, still at that point would be a watercourse. The circuit judge in his charge defined a watercourse substantially in the language of this court. The jury were told that a watercourse, in a legal sense, is a stream of water flowing in a certain direction by a regular channel with banks or sides, though it is not essential, to maintain that character, that the water should flow continually. And the distinction was clearly stated between a regular flowing stream of water which at certain seasons dries up, and those occasional bursts of water which, in times of a freshet or the melting of snow and ice, descend from the hills and inundate the country. On the other hand, mere surface water, the jury were told, is such as is caused by rain or melting snow which naturally flows down a hollow or ravine in no defined channel, having no proper bed and banks; and such waters the court said the defendant had the right to keep off her land by the use of such means as she might deem necessary for that purpose. This direction is in

accord with the decisions of this court in the cases cited by counsel. *Eulrich v. Richter*, 37 Wis., 226. We do not think there was any substantial error in the charge. The instruc-tions asked on the part of the defendant, so far as they were correct and applicable to the facts, were fully embraced in the charge given. It follows from this that there was no error in refusing to give them as asked.

*By the Court.* — The judgment of the circuit court is af-firmed.