SALLY M. JEFFERS, Appellant, *v.* ROBERT N. JEFFERS,
Respondent.

*Court of Appeals, November* 29, 1887.

Affirming same case, 37 Hun, 638, Mem.

1. *Watercourse.*—A watercourse, as defined in the law, means a living
   stream, with defined banks and channel, not necessarily running
   all the time, but fed from other and more permanent sources than
   mere surface water.
2. *Same. Drainage.*—An action to restrain the defendant from digging
   a ditch and turning upon land water which never was there before,
   but naturally flowed elsewhere, will be dismissed, where, though
   there was an increase in the flow, it had done the plaintiff no sub-
   stantial or material damage.

Action to restrain defendant from discharging surface
waters collected on his lands through an artificial ditch or
drain, and to recover damages.

The court found, in substance, the following facts:

The parties are adjoining proprietors, the plaintiffs' farm
lying north and defendant's south of the centre of a cer-
tain highway.

There is a sluice across this highway on the lands of the
parties, through which there is an old natural channel and
watercourse for the flow of waters from the defendant's
land at the south on to the plaintiffs' lands, and thence by
a ditch and natural way across the lands of plaintiffs and
over one or two other owners northerly and easterly into a
ditch called the "Sodus Ditch" which drains this section
of the county into Sodus Bay on Lake Ontario.

At the south end of this sluice and on the defendant's
land there is a small pond, hole or depression of land in
which the waters accumulate before running over and
through said sluice. From this pond or depression there is

a watercourse or channel ascending gradually through a hollow or ravine on the defendant's land, southerly a distance of four hundred and eighty feet to another sluice in a stone fence, running east and west, through which sluice and into the channel below there has always been a flow and escape of the surface waters falling or collecting on the defendant's land south of said stone wall for a distance of about twenty rods, at which distance south of said stone wall, and running east and west, nearly parallel with stone wall, is a ridge or elevation of ground, forming a divide or water-shed, south of which the surface waters flow southerly and into Clyde river, and north of which ridge or elevation the surface waters find their way by a slight descent into and through the sluice under said stone wall, and thence into the ravine or waterway aforesaid, and northerly through the same, and thence into the pond through the said sluice in the highway, and on to and in and through an old watercourse over the plaintiffs' lands.

The court further found that between the stone wall and the ridge was a depression in the soil, usually dry in dry weather, but which in times of heavy rains filled with surface water from the adjacent lands, and the overflow found its way into the sluice by the stone wall down the ravine and across the highway on to plaintiff's land; that defendant dug a ditch from the ravine or waterway to said depression, which drained off the surface waters and emptied them into " the open water channel " whence they flowed northerly into the pond, and after filling the same thence northerly through the sluice across the highway into " an open ditch and watercourse which has existed on plaintiffs' land for the flow of surface waters for a period of time immemorial."

*Del. Stow*, for appellant.

*C. H. Roys*, for respondent.

FINCH, J.—The principal force of the appellant's argument is directed to the point that there was no evidence of the existence of a watercourse upon the defendant's land, into which his ditches drained, and so the finding of the trial court to that effect was error. The argument would be irresistible if the finding meant or was intended to mean that there existed on defendant's land a watercourse as defined in the law. That means a living stream, with defined banks and channel, not necessarily running all the time, but fed from other and more permanent sources than mere surface water. Barkley v. Wilcox, 86 N. Y. 144.

There was no proof in the case of the existence of such a stream. Everybody agrees that all the water running over defendant's premises was surface water and the product of rains or melting snow. But we do not so understand the findings excepted to. The learned judge describes the channel or watercourse formed by a natural depression of the land, but expressly says that it conducted nothing but surface waters. He speaks of it again as a "waterway," and in no respect finds that this channel or depression was a watercourse in its legal and technical meaning. The exception, therefore, was not well taken.

But upon the finding thus understood the appellants claim that they should have recovered, and that the judgment for the defendant was erroneous. In considering this question it is needed that we understand the issues presented and the course of the trial. The plaintiffs' cause of action was distinctly and definitely stated in their complaint. They alleged that a ridge of high ground runs west across defendant's farm and north of the swamp outlet and basin to which the new ditches ran, and such that all surface waters south of the barrier naturally flow to the south or remain stagnant and evaporated, and none of them flowed north toward plaintiffs' farm, or could so flow, except by the aid of artificial changes in the surface of the ground; that this protecting ridge or plateau was

about twenty rods south from plaintiff's line; and that the defendant cut his ditch through this ridge, and thus turned upon them water which never before ran that way.

The defendant denied that he has cut through any such ridge or brought down upon his neighbors a new and unaccustomed drainage, and the issue thus framed was the issue tried and to which the findings were directed. The plaintiffs made no claim in their pleading that the defendant's ditch increased the natural and usual flow over their land and so they were injured, but claimed damages for a diversion of waters upon them which naturally ran elsewhere. They obtained a temporary injunction. The affidavit filed for that purpose states the case exactly as does the complaint, and seeks to shut off a foreign and artificial drainage. A perusal of the plaintiffs' proofs shows that they were confined to the issues pleaded. That evidence established that the surface water upon some part of defendant's land had always drained to the north, crossing the highway in a sluice which had long been maintained, thence following a ditch across plaintiffs' land and that of their neighbors, until it reached the Sodus ditch, described as the drainage channel for the waters in that region. There was no direct or specific proof that the defendant's ditch increased the normal flow of surface water over the plaintiff's land or that the faint trace of damage to their wheat was due to such increase, or had not equally occurred in former years. The plaintiffs' proposed findings follow the line of the issues and ask the court to determine that but for the cutting through the ridge or plateau none of the swamp or basin waters would have found their way to plaintiffs' lands; that the defendant diverted them unto plaintiffs' ditch and these waters occasioned the injury. The trial judge decided these issues in favor of defendant and with abundant evidence to sustain his conclusion. He found that the surface waters complained of had long flowed to the north following a natural depression of the

ground and more or less found their way through the high-way sluice into plaintiff's ditch ; that some water from defendant's land had always flowed that way ; and refused to find that any ridge had been cut through, or any new drainage area had been added to the natural flow. The court did find that defendant's drain had increased the natural flow, but described it as a slight increase and found that it had done the plaintiffs no substantial or material damage. These findings are conclusive. There was no cause of action alleged for an increase of the natural flow and if it existed the sufficient answer is that it did no damage. There may be still another answer founded on the circumstances of the case, but it is unnecessary to go further.

We find no error in the judgment and it should be affirmed, with costs.

All concur, except RAPALLO, J., absent.