BRANSON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. March 7, 1906.)

WATERS AND WATER COURSES—COLLECTING SURFACE WATERS—OBSTRUCTION OF
    ARTIFICIAL DRAIN.
        Where a railroad company constructed a ditch to collect the waters
    coming upon the lands owned by it and others and built a culvert to
    allow the water to escape, it was liable for allowing the culvert to become
    obstructed, so that the water was cast back upon the lands of an adjoining
    proprietor.
        [Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Waters and Water
    Courses, § 216.]

Appeal from Trial Term, Onondaga County.

Action by Richard Branson against the New York Central & Hudson
River Railroad Company. From a judgment for plaintiff, and from
an order denying a motion for a new trial, defendant appeals. Af-
firmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
NASH, and KRUSE, JJ.

Le Roy B. Williams, for appellant.
S. Gay Daley, for respondent.

KRUSE, J. The plaintiff owns four acres of land which lie between
the defendant's railroad, known as the Chenango Valley Railroad, and
the Erie Canal, about three miles east of Syracuse; the canal being on
the south and the railroad on the north side. The canal and railroad
run east and west substantially parallel with each other. The natural
slope of the land is east and north toward the railroad. For many
years a ditch has existed on the defendant's right of way on the south
side thereof, into which the waters from the railroad lands, as well as
from other lands lying south of the ditch, have drained, including the
plaintiff's lands and others lying to the west of his lands. Upon the
plaintiff's lands were four ditches extending from the towpath of the
canal to the railroad ditch. On these lands to the west were ditches
which drained into the railroad ditch. There were also natural springs
upon these lands to the west, as plaintiff claims, which drained into this
railroad ditch. Before the Chenango Valley Railroad was built, these
waters ran north to the main tracks of the New York Central, which
are north of the Chenango Valley tracks. The evident purpose of this
railroad ditch was to take care of the waters which would naturally
come upon the railroad lands, and that included these waters which
drain and flow toward the railroad from the south. The water in this
railroad ditch had an unobstructed flow east, until about 18 years ago
a branch railroad or switch was built which connected with the main
line about a third of a mile east of plaintiff's four acres and extended
in a southwesterly direction intersecting this ditch. A culvert was
built there for the water; but it is contended by the plaintiff that it was
too small, that the material was decayed, and the defendant negligently
permitted it to become filled up and so obstructed the flow of the water
that it set back and eventually overflowed the plaintiff's said four
acres and other lands which he occupied as lessee lying to the east of

his four acres and west of the culvert, destroying his crops and injuring his land, which was low muck soil and adapted to raising garden vegetables. At the close of the evidence, the defendant moved for a nonsuit, on the ground that no natural water course was shown; that there was no prescriptive right in the plaintiff or any other person to drain over the defendant's land; that the ditch in question was the defendant's private ditch, which it had the right to obstruct or alter as it saw fit; and on the ground generally that no negligence had been shown. The motion was denied, and the defendant excepted.

Upon the question of the liability of the defendant, the trial judge charged the jury as follows:

"The sole question which I am going to submit to you in this case, as bearing on the defendant's liability, is whether it was or was not negligent in the manner in which it conducted or allowed this stream to run under the culvert beneath the tracks of the Chenango Valley Railroad. Whether this water running in this railroad ditch was a natural stream, or whether it was the drainage from the defendant's land and from the land of Finn; whether it ran naturally past the plaintiff's premises, or whether, being collected above by the defendant, it was brought by it past the plaintiff's premises—in either case it was bound to use reasonable care so that it should pass beneath these tracks of the Chenango Valley road without doing injury to the plaintiff or to others. In either event the defendant had no right voluntarily to dam the stream at the point where this culvert goes beneath the tracks or negligently allow it to be dammed at that point; and, if it did so dam it, voluntarily or negligently, it is liable for the injury which the waters so dammed back did to the property of defendant's neighbors. The defendant (and I wish you to understand this clearly) owed no duty whatever with regard to any water which might have drained off of Branson's land. As to that water, it had done all that it was in any way required to do (perhaps more than it was required to do), when it permitted it to run into this ditch. As to that water, it owed no obligation whatever to the plaintiff. It is only with regard to this other water—this natural stream, if it is a natural stream, or this drainage, if it is drainage, collected from a point east of the plaintiff's premises and brought down or allowed to run down past the plaintiff's premises—that the defendant owed any duty to the plaintiff, and what that duty is I have told you. It is to use reasonable care and prudence to permit that water to pass beneath the Chenango Valley road in its old course. If it failed to do that duty, as I have said, it is liable for the damage which that failure caused. The limit of its duty is care, or at least the plaintiff in this action does not ask that any other rule should be enforced. It does not warrant that the culvert beneath the Chenango Valley tracks, shall at all times and in all events be free and unobstructed. It is simply bound by the law to use diligence in that respect; to use that care and prudence which an ordinary prudent man under the like circumstances would have used in view of all the facts known to the parties, in view of all the surroundings, in view of everything else which has been proved before you and which would enable such a man to determine what care he owed with regard to this water."

At the close of the main charge, the defendant's counsel excepted to the statement that the defendant was bound to use diligence, claiming that it was only bound to use reasonable and ordinary care such as any property owner would use with reference to maintaining a culvert on his own land, which the court charged and withdrew the statement about diligence, saying that the defendant was bound to use ordinary care.

We think the exception to the denial of the motion for a nonsuit was not well taken, and that the rule laid down by the learned trial justice

in his charge for determining the defendant's liability was as favorable to the defendant as the circumstances of the case warrant.

The fact that this water reached this culvert through an artificial channel instead of a natural water course does not absolve the defendant from liability; neither does the fact that the water, or some of it, came from the lands of others. Wickham v. L. V. R. R., 85 App. Div. 182, 83 N. Y. Supp. 146. As has been stated, the object of this ditch was to collect the waters coming up on these railroad lands, and, having done so, the defendant could not intentionally, or by permitting its flow to become obstructed through its inattention and want of care, cause this unnatural and unusual accumulation of water to be cast or set back upon the plaintiff's lands without subjecting itself to liability for the damages thus done him. The general rule is that an owner may not collect water into a ditch or artificial channel upon his lands and discharge it upon the lands of another in such volume or quantity in excess of the natural drainage as to injure him. Mitchell v. N. Y. L. E. & W. R. R., 36 Hun, 177; Noonan v. City of Albany, 79 N. Y. 470, 35 Am. Rep. 540; Mairs v. Manhattan Real Estate Association, 89 N. Y. 498, 505; Wickham v. L. V. R. R., 85 App. Div. 182, 83 N. Y. Supp. 146.

We think that none of the refusals to charge as requested by the defendant presents reversible error. As regards the refusal to charge that the plaintiff had no right to drain into the defendant's ditch, the jury were expressly charged that defendant owed no duty to plaintiff in respect to such water, and besides it cannot be said from the evidence as a matter of law that he had no such right. The proof tends to show that he, as well as the owners above him, had at least a license to do so, and a similar request as to these owners was likewise properly refused, as well as those respecting the duty of such owners to keep open this ditch. We think, under the circumstances of this case which the jury were warranted in finding from the evidence, that duty rested upon the defendant as between it and the plaintiff.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.