posts before it was started on its way towards its destination, but failed to do so. He was himself moving along down the foundry as the casting went, and could see the danger of its striking the spindle and causing it to fall. Under these circumstances it can hardly be said plaintiff was free from contributory negligence. To say that defendant was guilty of negligence which caused the accident, and plaintiff was free from all negligence contributory to it, is hardly just or fair between the parties. I think the verdict is contrary to and against the weight of the evidence, and should be reversed for that reason.

I do not see how any extensive consideration or analysis of the authorities could aid us in 'determining the questions. No two cases are just alike. This one must be determined in view of its own facts, as they are practically conceded to be.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, upon questions of law and fact. All concur.

---

(127 App. Div. 832.)

SABETTO et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

1. WATERS AND WATER COURSES—SURFACE WATERS—DUTIES OF LANDOWNERS.
    A lower proprietor is under no obligation to take care of the surface water of his adjoining upper proprietor, and he may improve his lower land, though by so doing he prevents the flow of the surface water on his land from his upper neighboring proprietor to the latter's damage.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Waters and Water Courses, § 128.]

2. SAME—CONSTRUCTION OF RAILROAD—LIABILITY FOR SURFACE WATER.
    A railroad incurs no liability as to surface water by building its embankment.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Waters and Water Courses, § 128.]

3. SAME.
    A railroad dug ditches on its own land to take care of its surface water. An owner of adjacent land dug ditches connecting therewith to carry off the surface water on his land, which was above the land of the railroad. A neighbor above dug ditches connecting with the owner's ditches. The railroad allowed its ditches to become filled up, and they failed to take care of the surface water of the owner and the neighbor, and the water was held back on the owner's premises. Held that, though the railroad was liable for any damage occasioned by its surface water being set back on the owner's premises, it was not liable because the surface water of the owner and the neighbor was set back on the owner's land because the ditches on its land were filled up.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Waters and Water Courses, § 128.]

Action by Frank Sabetto and another against the New York Central & Hudson River Railroad Company. There was a judgment of nonsuit. Motion for new trial on exceptions ordered to be heard in the first instance by the Appellate Division, pursuant to Code Civ. Proc. § 1000. Nonsuit properly granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

James Wright, for plaintiffs.
Harris & Harris, for defendant.

WILLIAMS, J. The plaintiffs' exceptions should be overruled, and the motion for a new trial denied, with costs.

The action was brought to recover damages for injuries to crops and land occasioned by setting back water. The railroad ran east and west. The plaintiffs' lands lay just south of the railroad. Along through the center of plaintiffs' land was a ridge, north and south, higher than other land in the vicinity. Many years ago the railroad constructed a ditch upon its right of way running easterly from this ridge and emptying into a state ditch, and another one running westerly from this ridge and emptying into the Seneca river. There was no water course in this locality. The ditches were designed to take care of surface water merely. The plaintiff dug ditches on his land connecting with the railroad ditches, and his neighbor next south of him dug ditches connecting with plaintiff's ditches, so that the surface water from plaintiff's and his neighbor's lands, which were higher than the railroad right of way, discharged their surface water into and through the railroad ditches. In 1902 and 1903 the railroad had permitted its ditches to become filled up, so that they failed to carry off this surface water, and it was set or held back upon plaintiffs' lands, and did damage to plaintiffs' crops and land, and for this the action was brought.

There seems to be no doubt as to the law applicable to this case. The only questions are of fact. In Barkley v. Wilcox, 86 N. Y. 140, 40 Am. Rep. 519, it was held that the lower proprietor was under no obligation to take care of the surface water of his adjoining upper proprietor, and he might fill in and improve his lower lands, though by so doing he prevented the flow of the surface water upon his lands from his upper neighboring proprietor, to the latter's damage; and it has been frequently held that a railroad incurred no liability as to surface water by building its embankment. Erwin v. Erie R. R. Co., 98 App. Div. 402–405, 90 N. Y. Supp. 315, and the cases therein referred to. The same rule was recognized in Branson v. N. Y. C., etc., Co., 111 App. Div. 737, 739, 740, 97 N. Y. Supp. 788. A recovery was there permitted by reason of the fact that as to some of the water, from lands other than plaintiff's the railroad company gathered them into a channel and threw them back upon plaintiff's lands.

As to the facts here it seemed to be established that the railroad was the lower proprietor, it saw fit to dig two ditches upon its own land to take care of its surface water, the plaintiff dug its ditches, connecting them with the railroad's ditches to carry off its (plaintiff's) surface water from land above the railroad's, and plaintiff's neighbor above dug ditches connecting with plaintiff's to take care of his surface water. While the railroad's ditches were kept open, all the surface water from above was taken care of; but, when the railroad ditches were allowed to become obstructed, the surface water did not run off freely, but set or was held back upon plaintiff's premises. If the railroad set its surface water back on plaintiff's land, it would be liable for the damage occurred thereby; but it does not appear any damage

was occasioned by the railroad surface water. All the surface water from above was set or held back, and even if it was possible some of the railroad water was set back also with the surface water from above, how could it be said the damage was caused by the railroad's water? Its land was the lower, and, unless it was established affirmatively that the water was set back and thrown upon plaintiff's land and did damage, no recovery could be had. It was not so established by the evidence given on the trial. The railroad company could not be held liable because it allowed its ditches to become filled up, so as not to take care of the surface water of its upper proprietor. The nonsuit was properly granted.

Plaintiffs' exceptions overruled, motion for new trial denied, and judgment ordered for the defendant upon the nonsuit, with costs. All concur.