## LADUCA v. DRAVES.

(Supreme Court, Appellate Division, Fourth Department.  May 3, 1911.)

1. WATERS AND WATER COURSES (§ 119*)—SURFACE WATERS—HIGHWAYS.
   A landowner may drain his land and construct ditches to protect his vineyards and crops from injury, but may not collect waters in a ditch and cast them upon a highway in volume exceeding the natural drainage, to the detriment of the highway.
   [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 131–134; Dec. Dig. § 119.*]

2. HIGHWAYS (§ 120*)—HIGHWAY COMMISSIONERS—POWER—SURFACE WATERS.
   If a landowner collects surface waters in a ditch and wrongfully casts them upon a highway to the detriment thereof, the highway commissioner, in doing what is reasonably necessary to protect the highway, can, if necessary, go upon the land and open the ditch.
   [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 374–378; Dec. Dig. § 120.*]

3. HIGHWAYS (§ 120*)—DRAINAGE.
   A highway commissioner is no more entitled to collect surface waters in a highway and cast them upon adjoining land than the landowner is to collect them and throw them upon the highway.
   [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 374–378; Dec. Dig. § 120.*]

Appeal from Chautauqua County Court.

Action by Antonio Laduca against Henry Draves.  From a judgment for plaintiff and from orders refusing a new trial and permitting plaintiff to amend nunc pro tunc, defendant appeals.  Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Wm. S. Stearns, for appellant.
G. J. Dikeman, for respondent.

KRUSE, J.  The judgment from which the defendant appeals is for damages sustained by flooding the plaintiff's land and injuring his vineyard and crops, wrongfully caused by the defendant, as the plaintiff contends.

The controversy is between the defendant, a highway commissioner, and the plaintiff, the owner of a farm adjoining the highway.  A ditch on the plaintiff's farm discharged its waters into the highway.  The defendant, for the purpose of protecting the highway, obstructed the ditch and turned the water back on the plaintiff's land, causing the damage.

The primary question presented by this appeal is whether the defendant could rightfully do so.  He was beaten in the court below and now appeals.

The plaintiff's farm is situated on the east side of the highway.  The general slope of his farm and the one immediately north is toward the northwest, so that the surface waters naturally flow in that direction.  There is a ditch extending east and west on the plaintiff's farm, near

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the line between the two farms. The west end of the ditch terminates within the bounds of the highway and connects with the highway ditch on the east side thereof, which runs north and south. Immediately north of the ditch and east of the highway the plaintiff has a vineyard, one row of which seems to be within the bounds of the highway. Plaintiff claims to own the fee of the east half of the highway adjoining his farm, and I think we may fairly assume that to be a fact. The ditch has been there for many years. It catches the waters from the adjoining farm and prevents their flow over the plaintiff's land beyond the ditch. The waters so collected flow westerly in the ditch to the highway. The waters of the ditch come into the highway in such volume and force as to wash out and make a hole in the roadbed several feet deep. Rocks had been rolled into the hole to protect the road, but the washing and impairment of the road continued. Thereupon the defendant caused the ditch to be obstructed, with the result that the waters were turned back onto the plaintiff's land, as has been stated.

There can be no question but that the ditch was maintained for the purpose of protecting the land to the north of it, over which the waters would naturally flow but for the ditch. The plaintiff in his complaint alleges that the purpose of the ditch was to protect his vineyards and orchard from the surface waters, which would otherwise wash through the vineyards and orchard and injure them; and the testimony of the former owners of the farm is to the same effect. The plaintiff frankly admits that the reason he keeps the ditch open is to prevent the water from running onto the grapes, and adds, "I thought I would send it down onto the highway."

The judge charged the jury, in substance, that the plaintiff had no right to collect the waters from a large area and bring them to one point and cast them upon the highway, but refused to charge that the plaintiff had done so, leaving that a question of fact for the jury, to which the defendant excepted.

[1] That, as it seems to me, is precisely what the plaintiff did. He had the right to drain his land and to make ditches to protect his vineyards and crops from injury; but in doing that he could not collect the waters in the ditch and cast them upon the highway in quantity or volume in excess of the natural drainage, to the detriment of the highway. Foot v. Bronson, 4 Lans. 47; White v. Sheldon, 35 Hun, 193; Id., 8 N. Y. Supp. 212; [1] Tremblay v. Harmony Mills, 171 N. Y. 598, 601, 64 N. E. 501; Branson v. N. Y. C. & H. R. R. R. Co., 111 App. Div. 737, 97 N. Y. Supp. 788.

[2] There are other circumstances which deserve some attention. The plaintiff contends that the defendant went beyond the highway upon his farm and opened the ditch, and the jury was instructed, at the request of the plaintiff's counsel, that, if he did so, he was liable for damages naturally resulting therefrom, to which the defendant excepted. I do not think that necessarily follows. If the plaintiff gathered together the surface waters in the ditch and wrongfully cast them upon the highway to the detriment thereof, as has been stated, the de-

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 55 Hun, 604.

fendant in the exercise of his duties as highway commissioner had a right to do what was reasonably necessary to protect the highway, and, if it was necessary to go upon the plaintiff's adjoining farm and open the ditch there, I think he could do so without subjecting himself to the damages resulting therefrom. It was his duty to protect the highway, and, if he did no more than was necessary to that end, the plaintiff, who wrongfully caused the condition, cannot justly complain of the consequences resulting therefrom to his harm. Cook v. Harris, 61 N. Y. 448; Kellogg v. Thompson, 66 N. Y. 88; Driggs v. Phillips, 103 N. Y. 77, 8 N. E. 514; White v. Sheldon, supra.

[3] The plaintiff also contends that the highway ditch itself was dammed up, resulting in overflowing his lands; but it is not very clear that any but the waters which had been collected in the east and west ditch on the plaintiff's farm and thrown upon the highway were set back. The defendant highway commissioner would have no more right to collect the waters in the highway ditch and cast them upon the plaintiff's adjoining land than the plaintiff would have to collect the surface waters on his farm and throw them into the highway. Moran v. McClearns, 63 Barb. 185; Tremblay v. Harmony Mills, supra.

As regards the order allowing the amendment to the complaint, it may be proper to suggest that, since a new trial is to be had, the plaintiff, if he desires to amend his complaint by increasing the damages or otherwise, should do so before trial, upon a proper application therefor.

The judgment and orders appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.