A. STEPHENS V. THE STATE.

No. 4356.   Decided April 4, 1917.

**Fish and Game Law—Pool—Pond—Variance.**

Where the information charged that the fish were unlawfully taken, etc., from a pond without the consent of the owner, and the evidence showed that the fish were taken out of a part of a stream or water course and not out of a pool or pond within the statute, the conviction could not be sustained.   Prendergast, Judge, dissenting.

Appeal from the County Court of Throckmorton.   Tried below before the Hon. A. H. King.

. Appeal from a conviction of unlawfully taking fish out of a pond without the consent of the owner; penalty, a fine of twenty-five dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was charged and convicted with unlawfully taking fish.

The charging part of the information is as follows: "Did then and there unlawfully take, catch, ensnare and entrap fish by means of nets and seines in a pond belonging to the Reynolds Cattle Company, a corporation duly incorporated under the laws of the State of Texas, without consent of the said owner of said pond"; and by second count, charged as follows: "Did then and there unlawfully catch, take, ensnare and entrap fish by means of nets and seines in a pool belonging to the Reynolds Cattle Company, . . . without the consent of the owner of such pool."

Article 870, Vernon's Penal Code, forbids any person to take, catch, ensnare or entrap any fish by means of nets or seines or by muddying, ditching or draining any lake, pool or pond in any county of this State without the consent of the owner.   It was proved on the trial that the appellant took fish by means of a seine without the consent of the owner and that the fish were taken from the "hole of water in the creek.   Paint Creek has water in it in holes and ponds most of the time, but it sometimes runs in wet seasons and after rains.   Paint Creek does not run all the time.   It runs in wet seasons.   It stands in holes and ponds most of the time."   There is another statute with reference to fishing in streams.   It will be noted that the evidence shows that this is a creek which runs at times and fails to show whether it was running at the time of the alleged offense.   A pool is defined in Bouvier's Law Dictionary, page 2631, as a small lake or standing water. A pond is defined in the same book as a body of stagnant water.   A pond, as defined by Webster, is a confined or stagnant body of fresh

water. "A water course consists of bed, banks, and water. Yet the water need not flow continually. There are many water courses which are sometimes dry. To maintain the right to a water course it must be made to appear that the water usually flows in a certain direction, and by a regular channel, with banks and sides. Chamberlain v. Hemingway, 27 Atl. Rep., 239, 240, 63 Conn., 1, 22 L. R. A., 45, 38 Am. St. Rep., 330; Porter v. Armstrong, 39 S. E. Rep., 799, 801, 129 N. C., 101; Hill v. Cincinnati, W. & M. R. Co., 10 N. E. Rep., 410, 109 Ind., 511; Weis v. City of Madison, 75 Ind., 241, 253, 39 Am. Rep., 135; Tampa Waterworks Co. v. Cline, 20 So. Rep., 780, 784, 37 Fla., 586, 33 L. R. A., 376, 53 Am. St. Rep., 262; Simmons v. Winters, 27 Pac. Rep., 7, 8, 21 Ore., 35, 28 Am. St. Rep., 727; Eulrich v. Richter, 41 Wis., 318, 320; id., 37 Wis., 226, 229; Barkley v. Wilcox, 55 N. W. Rep., 77, 78, 88 Iowa, 47; Case v. Hoffman, 84 Wis., 438, 445, 54 N. W. Rep., 793, 20 L. R. A., 40, 36 Am. St. Rep. 937; Shields v. Arndt, 4 N. J. Eq. (3 H. W. Green), 234, 235; Jeffers v. Jeffers, 107 N. Y., 650, 14 N. E. Rep., 316." Words & Phrases (O. S.), p. 7411. In our opinion, the evidence in this case shows that the fish were taken out of a part of a stream or water course and not out of a pool or pond within the statute.

The judgment of the lower court is, therefore, reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, Judge (dissenting).—Webster defines a "pool" to be: "A small and rather deep collection of (usually) fresh water, as one supplied by a spring, or occurring in the course of a stream."

The Century Dictionary defines a "pool" to be: "A part of a small stream where the bed suddenly deepens and broadens, forming a relatively still, deep and wide stretch of water."

The statute (art. 780, P. C.) is: "Any person who shall take or catch . . . any fish by means of seines . . . in any lake, pool or pond . . . without the consent of the owner of such lake, pool or pond, shall be" punished, etc. There can be no question but that the Legislature meant and intended by "pool" in this statute just exactly the body of water defined by the lexicographers above quoted. In fact, every one in this country knows that a pool means a body of water occurring in a creek or stream whether the water be running or not. The uncontradicted evidence shows appellant caught fish with a seine out of a hole of water—pool—in Paint Creek, without the owner's consent. This was exactly what the law said should be punished. The law was intended to protect the owner of the fish on his own premises. The evidence does not show the fish were taken out of a stream, or water course, as contradistinguished from a pool therein, but out of a pool in a creek.

The judgment should be affirmed, not reversed. I dissent.