Thomas McGetrick, Appellant, v. Clara E. Shoecraft and Ernest Shoecraft, Respondents.

Fourth Department, October 12, 1921.

**Waters and watercourses — owner of lands may fill in open ditch even though by so doing he prevents passage of surface water to injury of upper proprietor — rights of lower proprietor — when open ditch not a watercourse.**

An owner of lands may lawfully, when acting in good faith and for the purpose of cultivating his lands, fill them in even though by so doing he prevents the passage of surface water thereon to the injury of an upper proprietor. The lower proprietor may ordinarily take any measure necessary for the protection of his property although the result is to throw the surface water back upon the land of the adjoining proprietor. It is sufficient if he refrains from discharging surface water collected on his own premises upon those of an adjoining owner.

An open ditch maintained by an owner of land to carry off surplus surface water through which there is not a continuous flow is not a watercourse, and the owner may close it up without incurring any obligation to take care of surface water from adjoining land where the owner thereof never contributed to the construction and maintenance of the open ditch, asserted any dominion over it or had any prescriptive right or easement therein.

Appeal by the plaintiff, Thomas McGetrick, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Cayuga on the 2d day of August, 1920, upon the report of a referee in so far as it grants equitable relief and damages in favor of the defendants upon their counterclaim.

*Frank C. Cushing*, for the appellant.

*Benn Kenyon*, for the respondents.

Davis, J.:

The learned referee seems to have misapprehended the effect of our decision in *Lumley* v. *Village of Hamburg* (181 App. Div. 441). That was a case where an artificial ditch extended through and drained a tract of low land, and had existed for forty years. In it water flowed almost constantly

so that it was in practical effect a stream. By reason of the lapse of time and the continuity of the flow of water, we held that ditch had become a watercourse.

We did not by that decision intend to depart from the well-established doctrine in this and other jurisdictions, that an owner of lands may lawfully,. when acting in good faith and for the purpose of cultivating his lands, fill them in even though by so doing he prevents the passage of surface water thereon to the injury of an upper proprietor. (*Barkley* v. *Wilcox*, 86 N. Y. 140.) The lower proprietor may ordinarily take any measures necessary for the protection of his property although the result is to throw the water back upon the land of the adjoining proprietor. (40 Cyc. 642.)

The error in the decision of this case consists in holding that the open ditch previously maintained by plaintiff for carrying off surface water in wet seasons, was a watercourse. It is not claimed in the pleadings, nor has the referee found, that there was any continuous flow of water through this ditch. It does not appear that the defendants had any prescriptive right or easement in the ditch constructed on plaintiff's lands; that they have ever contributed to its construction or maintenance; or that they have ever asserted any dominion over it. It is not found to be a " neighborhood drain." For many years the surface waters from defendants' lands, in part collected by " blind ditches " or drains, have flowed through it in wet seasons, but that fact alone gives them no easement in its continued use. When the owner of lands sees fit to use some other method of conveying away the surface water, as in the present case by means of tile, he may fill up the ditch on his own lands without incurring an obligation to take care of the surplus surface water collected solely on the property of his neighbor. It is sufficient if he refrains from discharging that collected on his own premises, upon those of the adjoining owner. This rule we followed in deciding *Sabetto* v. *New York Central & H. R. R. R. Co.* (127 App. Div. 832).

There are other questions in the case involving the collection and discharge of surface waters and consequent flooding by each proprietor on the lands of the other with resulting damage, but all are dependent upon the status of the plaintiff's

**280**   People ex rel. DeLaney *v.* Mt. St. Joseph's Academy.

Fourth Department, October, 1921.          [Vol. 198

ditch so that a new trial of all the issues must be had, unless the controversy may be adjusted by an agreement between the parties defining their rights.

The findings of fact made by the referee numbered " twenty-third " and numbers " twenty-first," " twenty-second," " twenty-fourth," " twenty-fifth " and " twenty-sixth," and of the third conclusion of law, in so far as they refer to the ditch as a " watercourse " . are disapproved and reversed, and the judgment is reversed on the facts and on the law and a new trial granted before another referee, with costs to abide event.

All concur.

Judgment reversed and new trial granted before another referee, with costs to appellant to abide event. The finding of fact numbered twenty-third, and that part of numbers twenty-first, twenty-second, twenty-fourth, twenty-fifth and twenty-sixth and of the third conclusion of law which refers to the ditch as a watercourse are disapproved and reversed.