TOWN OF HAMBURG, Respondent, *v.* ROSA GERVASI et al., Appellants.

Fourth Department, June 27, 1945.

*Salvatore C. Salvo* for appellants.

*Deane H. Andrew* for respondent.

*Per Curiam.* Plaintiff has been granted a mandatory injunction requiring defendants to permit plaintiff's town superintendent of highways to enter upon their premises for the purpose of opening, and keeping open, a watercourse for the free passage of surface drainage from Roseville, sometimes known as Roseview, Avenue in the Town of Hamburg. The theory of the complaint seems to be that, because surface waters, from time immemorial, have drained from upper lands across what is now Roseville Avenue, and then across defendants' property, following the same course, substantially, the effect of such flow was to create a natural watercourse. Again, the record might indicate that the situation was treated as one governed by the civil-law rule as to surface water.

The testimony is entirely insufficient to warrant a finding of the existence of a natural watercourse. (*Barkley* v. *Wilcox*, 86 N. Y. 140, 144; *Jeffers* v. *Jeffers*, 107 N. Y. 650, 651; *Wagner* v. *Long Island R. R. Co.*, 2 Hun 633, 636, appeal dismissed 70 N. Y. 614; Angell on Watercourses [7th ed.], § 4.) Nor is the record satisfactory to sustain a finding of the creation of a watercourse because of the existence of ditches. (*Lumley* v. *Village of Hamburg*, 181 App. Div. 441.) Moreover, the effect of this last decision was expressly limited in *McGetrick* v. *Shoecraft* (198 App. Div. 278).

New York has never adopted, as to surface water, the rule of the civil law, but rather has quite uniformly held that the lower owner may, in good faith, and for the purpose of building and improving his land, fill or grade it, although, thereby, surface water is cast back on the lands above. (*Barkley* v. *Wilcox*, 86 N. Y. 140; *Bennett* v. *Cupina*, 253 N. Y. 436.)

While an easement for drainage of surface water may be acquired by prescription, as by the maintenance of a ditch for that purpose for the requisite period under a claim of right, still the mere fact that surface water has flowed, even from time immemorial, from the land of an upper owner across those of a lower owner, standing alone, with no other facts shown, would hardly give rise to such an easement. (*Cassidy* v. *Old Colony Railroad*, 141 Mass. 174; *Swett* v. *Cutts*, 50 N. H. 439.)

The difficulty with sustaining this judgment on the theory of a prescriptive right in the plaintiff to drain surface water through its present culvert on Roseville Avenue, and then to the northwest through the present ditch across defendants' land, is that there was no formal decision herein. The Official Referee, to whom there was a reference to hear and report, filed a report, but made no specific finding as to how long the present ditch across this land had existed, or that it was, formerly, a continuation of a drainage ditch for surface water from the lands to the north thereof across what is now Roseville Avenue. While the letter of the Justice, who, at Special Term, confirmed the Referee's report and made the judgment herein, may be treated as a finding that such a ditch had existed for more than fifty years, the testimony, as disclosed in this record, is insufficient to support that finding. Support must be found, if at all, on the testimony of the plaintiff's former superintendent of highways. This witness merely indicated on the map the existence of a ditch somewhere. What he indicated, his testimony does not disclose. On the record presented to us we have no way of determining. As the Special Term Justice did not hear the testimony, he was in no better position. We have therefore reached the conclusion that the testimony was insufficient to sustain a finding of a prescriptive right in the plaintiff to drain surface water from Roseville Avenue through the present ditch across defendants' property. The judgment should be reversed on the law and facts and a new trial granted, with costs to appellants to abide the event.

All concur. Present—Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.