■ TARAS BOZYDAJ et al., Respondents, v TOWN OF PLATTEKILL, Respondent, and ROBERT R. MANDIA, INC., et al., Appellants.—Appeals (1) from a judgment of the Supreme Court, entered November 23, 1977 in Ulster County, upon a verdict rendered at a Trial Term, in favor of plaintiffs, and (2) from that part of a judgment of the same court, entered November 17, 1977 in Ulster County, which dismissed the cross claims against defendant Town of Plattekill at the close of plaintiffs' case. Plaintiff Taras Bozydaj sustained serious personal injuries as a result of a one-car automobile accident which occurred at about 1:00 A.M. on January 28, 1975 in the Town of Plattekill, Ulster County, when his pickup truck skidded on a patch of ice on New York Route 44-55 and overturned. It is his contention that the ice formed as a result of an accumulation of water which was pumped from the basement of a house owned by defendants Robert and Nicole Mandia and Robert R. Mandia, Inc., and discharged by them over the corporate defendant's property onto the public highway. After the court had dismissed the complaint and cross-claims against the Town of Plattekill at the close of plaintiffs' case, the jury found against these defendants and awarded plaintiff husband $161,583 and his wife $5,000 upon her derivative cause of action. It also awarded the Holyoke Mutual Fire Insurance Company $2,543.58 upon its subrogation claim for property damage sustained by plaintiff's vehicle. It thereafter apportioned liability 80% to the corporate defendant and 20% to the individual defendants. At the trial, plaintiff offered the testimony, among others, of the investigating officer, a State trooper familiar with the area, a State highway maintenance supervisor, the defendant Robert Mandia, the attending physician, and a former tenant of the dwelling from which the water was drained. Photographs of the same and conditions existing at or near the time of the accident were also received in evidence. The testimony of the State trooper established the existence of a patch of ice on the night in question approximately four to six feet wide in the eastbound lane of the highway in front of the house from which water was pumped. The highway was otherwise clear and dry. The State highway maintenance supervisor testified that just prior to the accident he noticed water being pumped out of the house basement onto an adjacent lane and into a ditch on the State highway which would freeze at night and cause a buildup of ice. Photographs of this condition taken by him later in the morning following the accident were received in evidence. The medical testimony produced evidence of serious multiple injuries to the plaintiff including a fractured skull, numerous broken ribs, a hemopneumothorax, injury to the collarbone and other internal injuries which resulted in a 10% to 15% disability. Plaintiff, who was 28 years old at the time of the accident, required hospitalization on two separate occasions for various surgical procedures to the abdomen, throat, chest and collarbone. On this appeal the corporate defendant contends that (1) the court erred in limiting its inquiry on the question of bias and hostility of two witnesses; (2) the verdict was excessive and against the weight of the evidence; (3) the apportionment was against the weight of the evidence; and (4) a request to charge the jury upon the issue of control was improperly denied. The individual defendants make many of the same arguments and further

contend that they were forced to trial at a time when the action against them was not on the calendar for trial. They also contend that the plaintiff was guilty of contributory negligence and urge that the dismissal by the court of the cross claim against the Town of Plattekill was erroneous. We find these contentions to be without merit. The individual defendants have waived any right they may have had to sever the claim against them or strike it from the calendar. They were given the opportunity to seek a stay but actively and vigorously participated in the trial. They were served with a summons and complaint some 10 months prior to the trial and it is not clear what advantage any further delay would have provided. The plaintiffs offered proof from which negligence and causation could reasonably be inferred against both the individual and corporate defendants (see *Wragge v Lizza Asphalt Constr. Co.,* 17 NY2d 313). The individual defendants were responsible because they were owners-lessors of the premises which was drained by the hose that flooded the highway and they operated the sump pump. The corporate defendant, owners of land over which the pumped waters flowed, minimally had constructive knowledge that such waters were being discharged artificially upon the public way. Accordingly, it owed a duty of reasonable care to persons using such public highway. Upon review, this court must consider the evidence in the light most favorable to the successful party *(Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376, 379) and should not disturb the finding of the jury unless it could not have been reached by any fair interpretation of the evidence *(Scala v Discount Rent-A-Car Corp.,* 58 AD2d 928, mot for lv to app den 43 NY2d 646). The charge of the court was clear and complete on all issues. The property from which the water was discharged was owned by all defendants held liable. Established case law holds that an owner is liable for injuries caused when he collects water and discharges it by artificial means upon the lands of another *(Tremblay v Harmony Mills,* 171 NY 598, 601; *Laduca v Draves,* 145 App Div 159, 161; *Branson v New York Cent. & Hudson Riv. R. R. Co.,* 111 App Div 737, 740). We find no error in the denial of the request to charge by corporate defendant on the issue of control. Finally, while the verdict may have been generous, upon this record we cannot find it to be excessive. Other issues raised by defendants are equally without merit and, accordingly, the judgment should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.