*261 OPINION OF THE COURT
Joseph J. Sedita, J.
Four years after the fact, the infamous “Blizzard of’77” continues to stir controversy which must be resolved in our courts.
Two motions are before us in this matter which involve a number of actions which have been consolidated for trial. One motion is for summary judgment and the other is for permission to serve an amended complaint.
This is a matter grounded in negligence arising out of an automobile accident. Said accident allegedly occurred during the severe winter weather of 1977 and subsequent to the infamous “Blizzard of’77”. Plaintiffs allege that they were forced to walk in the street (where the accident occurred) because a sidewalk was covered with snow. The sidewalk in question is below a railroad overpass controlled by defendant Consolidated Rail Corporation (hereinafter Conrail).
The complaint alleges that Conrail as well as the city were responsible for so blocking the sidewalk with snow (during street and rail cleaning operations) that plaintiffs were forced onto the street where the accident occurred.
Let us first deal with the summary judgment motion by defendant Conrail. Conrail bases its motion on two grounds. Each deserves careful examination.
The first ground is based on section 93 of the New York Railroad Law, as amended, which provides in part: “When a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad corporation, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same are situated * * * When a highway passes under a railroad, the bridge and its abutments shall be maintained and kept in repair by the railroad corporation, and the subway and its approaches shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same are situated”.
*262 In addition to reciting the language of this statute, defendant Conrail cites Koles v Penn Cent. Co. (55 AD2d 877) and New York Cent. R.R. Co. v County of Erie (197 Misc 801, revd on other grounds 278 App Div 521) for the proposition that our courts have enforced the mandate of this statute and placed the responsibility for the maintenance of sidewalks with the municipality and not on the railroad.
The cases cited by the defendant involve the repair of sidewalks. The municipality under this statute is charged with the “maintenance” of these sidewalks including keeping them in repair. This obligation to “maintain” these sidewalks certainly does not operate so as to preclude from liability one who actively creates or participates in the creation of a dangerous condition. For example, the fact that municipalities have an obligation, under the law, to maintain the public highways has never precluded motorists involved in accidents from suing one another.
Defendant Conrail is an abutting owner of the municipality’s property whereon this accident occurred. The law is clear that an abutting owner who causes an “artificial” discharge onto a public way may be held fully or partially liable for the dangerous condition which was created. (See 27 NY Jur, Highways, Streets, and Bridges, § 486; Tremblay v Harmony Mills, 171 NY 598; Bozydaj v Town of Plattekill, 70 AD2d 690; Laduca v Draves, 145 App Div 159; Branson v New York Cent. & Hudson Riv. R.R. Co., 111 App Div 737.)
Surely Conrail had no obligation to “maintain” the sidewalks. However, to interpret this statute so as to permit Conrail to actively participate in the creation of an allegedly dangerous condition without liability is to press the intent of this statute to the point of absurdity. This court cannot assume that the Legislature intended such a result in enacting this statute. The clear intent was to impose a duty on the municipality to “maintain” these public ways without precluding suits against others who might actively create a tortious situation.
The second ground for summary judgment urged upon the court is that the snow deposited on the sidewalk was not a foreseeable or proximate cause of this injury.
*263 Whether or not a “reasonable man (or woman)” would foresee that depositing snow on the sidewalk would cause pedestrians to walk in the street under the circumstances of this case, is an issue which is largely factual, and as such should not be resolved by summary judgment. (See Siegel, New York Practice, § 278.)
The exact apportionment of fault (if any) as between alleged joint tort-feasors (in creating the alleged dangerous condition) is a factual determination that should not be resolved by summary judgment. Summary judgment is a drastic remedy and should not be employed when there is any doubt as to the existence of triable issues. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:l, p 424; Andre v Pomeroy, 35 NY2d 361; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395.)
The second issue before this court is whether to grant the plaintiffs’ petition for leave to serve a further amended complaint.
CPLR 3025 (subd [b]) provides that a party may amend the pleadings with leave of the court “at any time”, and that “[ljeave shall be freely given”. The court can discern no real surprise or other substantive prejudice to the defendants if this amendment is permitted. (See Murray v City of New York, 43 NY2d 400; Dean v Cross, 76 AD2d 1028; Bevilacqua v City of Niagara Falls, 66 AD2d 988.) In granting this motion, however, the court will direct that the proposed further amended complaint be renumbered and clarified where necessary to avoid any possible ambiguity.
Accordingly, the motion for summary judgment is denied and the motion to permit a further amended complaint is granted.