■ LUCRETIA M. YEOMANS et al., Appellants, v HELEN R. WARREN et al., Respondents. (And Two Related Actions.) — Appeals from judgments of the Supreme Court in favor of defendants, entered October 6, 1980, October 9, 1980 and October 15, 1980 in Broome County, upon a verdict rendered at Trial Term (Fischer, J.). As a result of an eight-vehicle accident on Interstate Route 81 during the daylight hours of March 24, 1977 while the roadway was icy and there were periodic whiteouts caused by blowing snow, plaintiff Lucretia Yeomans, a passenger in one of the vehicles, and her husband commenced an action for negligence against defendants Warren, Owens and Prokop, operators of three of the vehicles, and the employers of Owens and Prokop.* A jury trial ensued during which a bus driver testified that the automobile in which Lucretia Yeomans was riding as a passenger passed his bus at a high rate of speed immediately before the accident. The bus driver also testified that he did not tell the investigating police officer that defendants Owens' and Prokop's vehicles were on the driving surface of the road when they were struck by the oncoming car. After the defense rested, the investigating officer was called as a rebuttal witness by plaintiffs to impeach the bus driver's credibility. The trial court sustained defendants' objections to plaintiffs' offer of proof that the driver did inform the officer as to the location of the Owens and Prokop vehicles just prior to the accident. A jury verdict of no cause for action was returned in favor of all defendants. This appeal by plaintiffs ensued. A party holding the affirmative of an issue is bound to present all of his evidence before he closes his proof and may not add to it by the use of rebuttal evidence. Rebuttal proof should not contradict or corroborate evidence already presented but, rather, must be evidence in denial of some affirmative fact which the answering party has endeavored to prove (*Marshall v Davies,* 78 NY 414, 420). Here, a contradiction between the testimony of two witnesses, the police officer and the bus driver, had already been established in the evidence. Thus, the proffered rebuttal evidence could not enlighten the jury further, nor could it assist it in determining the bus driver's credibility. The officer had already testified in plaintiffs' direct case that the bus driver had told him about the accident and the rebuttal testimony which plaintiffs sought to introduce by recalling the police officer, if admitted into evidence, would have done little to resolve the threshold issue confronting the jury, i.e., which of the conflicting versions of the conversation was to be believed. The offered proof was improper rebuttal evidence (cf. *Hutchinson v Shaheen,* 55 AD2d 833). Next, plaintiffs' contention that the jury verdict was against the weight of the evidence is without merit. A jury verdict is only against the weight of the evidence if "it could not have been reached by any fair interpretation of the evidence" (*Bozydaj v Town of Plattekill,* 70 AD2d 690, 691). Judgments affirmed, with one bill of costs to defendants. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.

---

\* Plaintiff Lucretia M. Yeomans sustained serious personal injuries within the meaning of section 671 of the Insurance Law (Comprehensive Automobile Insurance Reparations Act) so as to permit a civil cause of action.