RICHARD ROBERTS, Individually and as Parent and Natural Guardian of DEBORAH S. ROBERTS, an Infant, Respondent, v ST. FRANCIS HOSPITAL et al., Defendants, and JULIA KENISTON, Appellant.

Third Department, November 23, 1983

APPEARANCES OF COUNSEL

*Meiselman, Farber, Stella & Eberz* (*Myra I. Packman* of counsel), for appellant.

*Orseck, Orseck & Greenberg* (*Gerald Orseck* of counsel), for respondent.

OPINION OF THE COURT

LEVINE, J.

Testimony at the trial of this medical malpractice action adduced the following facts. On January 18, 1978, plaintiff Deborah Susan Roberts, then age 14, was brought to the emergency room of St. Francis Hospital in Port Jervis, New York, complaining of a high fever, vomiting and pain on the right side of her chest and back. An X ray indicated an infiltration in the middle lobe of her right lung. At the direction of Dr. Julia Keniston (defendant), plaintiff was admitted to the hospital. She was ultimately diagnosed as suffering from pneumonia. Defendant ordered another chest X ray of plaintiff on January 23, 1978 which showed a "residual consolidation involving the right middle lobe". Defendant discharged plaintiff from the hospital on January 24, 1978 with instructions to return for a follow-up X ray. On January 30, 1978, plaintiff returned for this X ray which showed the same amount of consolidation as had appeared in the previous X rays.

Defendant, called as plaintiff's witness, testified that she asked her office nurse to contact plaintiff to schedule an appointment for an office visit and additional X rays, but that this contact was never made. Plaintiff became ill again in July of 1978. The following October, she was operated on for the removal of a tumor in the middle lobe of her right lung. Both the middle and lower lobes of her right lung had to be removed. Plaintiff was hospitalized through mid-November of 1978. She ultimately returned to school in February, 1979. At that time, she suffered from discomfort in her chest and lack of endurance, rendering her unable to participate in strenuous activities.

Plaintiff completed the presentation of her case at 11:00 A.M. on Friday, September 24, 1982, except for one medical witness, a Dr. William M. Stahl, who was scheduled to testify concerning the effect that the delay in discovering the tumor had had on the exacerbation of plaintiff's condition due to the continued growth of the tumor. This expert witness was unable to appear until the morning of the next available trial day, September 28. The court ordered defendant to proceed with her case, pending the appearance of Dr. Stahl. Defendant refused to proceed, requesting an adjournment until Dr. Stahl could complete plaintiff's case. Over defendant's objection, the court retaliated by

striking defendant's answer, thereby effectively resolving the issue of liability in plaintiff's favor. The jury was ultimately instructed to consider only the issue of the amount of damages. Dr. Stahl appeared on September 28 and testified on behalf of plaintiff. Defendant presented no testimony on her behalf. The jury awarded plaintiff the sum of $75,000.

▮ Defendant appeals on the ground, *inter alia,* that the trial court committed reversible error in striking her answer. We agree. CPLR 4011 provides, generally, that the trial court has discretion in determining the sequence of proof and regulating the conduct of the trial "in order to achieve a speedy and unprejudiced disposition of the matters at issue". Clearly, however, speedy disposition of cases should not take precedence over the substantial rights of the litigants. In the instant matter, the trial court was so concerned by the loss of half a trial day that it imposed the drastic penalty of precluding a defense on the merits. This was done despite the valid basis for defendant's refusal to proceed before all of plaintiff's evidence was in. Ordinarily, the party bearing the burden of proof is obligated to complete his prima facie case before the opposing party must present his proof (*Yeomans v Warren,* 87 AD2d 713; *Seguin v Berg,* 260 App Div 284). The saving of a half day's trial time was not a sufficient justification for a departure from the general rule. Without the testimony of Dr. Stahl concerning the effect of the delay in diagnosis, plaintiff had quite arguably failed to present a prima facie case of malpractice. Plaintiff had presented no other testimony to link defendant's failure to contact plaintiff and the possibly resultant delay in diagnosis with the worsening of her condition. Had defendant been permitted to hear all of plaintiff's case against her, she might have moved upon the close thereof for a nonsuit on the ground that plaintiff had not proven a prima facie case (CPLR 3212). She might also have been so confident of the weakness of plaintiff's case that she would have chosen to proceed to the jury without presenting any proof on her behalf. Defendant should have had the opportunity to exercise these options after hearing all of plaintiff's case. Accordingly, we are constrained to reverse the judgment and remit for a new trial.

▮ Given this result, we will not address ourselves to the other issues raised on this appeal. We do note, however,

that the trial court also erred in its failure to instruct the jury that, in making its award, it should specify the applicable elements of special and general damages and the amount assigned to the elements of, *inter alia,* medical expenses, loss of earnings, impairment of earning ability and pain and suffering. This instruction to itemize is required by CPLR 4111 (subd [d]) (see *Killeen v Reinhardt,* 71 AD2d 851, 853).

Finally, we cannot agree with defendant's contention that a second medical malpractice panel should be convened and the finding of the original panel vacated. Defendant finds fault with the panel's determination (which went against her) because its physician-member subsequently affirmed by affidavit that he had not considered the issue of proximate cause in arriving at the finding of liability against defendant. However, as the panel's recommendation was not read to the jury at the trial, defendant was not prejudiced by it. In the event that plaintiff introduces the panel's finding at the new trial, defendant may call the physician-member to testify concerning the panel's recommendation (Judiciary Law, § 148-a, subd 8) so that the jury may weigh its probative value (see *Bernstein v Bodean,* 53 NY2d 520, 523).

The order should be affirmed, without costs.

The judgment should be reversed, on the law, without costs, and the matter remitted for a new trial.

SWEENEY, J. P., MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Order affirmed, without costs.

Judgment reversed, on the law, without costs, and matter remitted for a new trial.