DAVIS-ECKERT, a Joint Venture, Respondent, v STATE OF NEW YORK, Appellant.

Third Department, July 31, 1986

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Richard J. Dorsey* of counsel), for appellant.

*Magavern & Magavern (George R. Rich* of counsel), for respondent.

### OPINION OF THE COURT

MIKOLL, J.

Claimant filed a claim against the State in 1979 alleging that the State breached its contract with claimant by, *inter alia,* delaying and interfering with claimant's work, and that said breach caused claimant to incur over $8 million in unbudgeted and unplanned expenses. A pretrial conference was scheduled for January 6, 1986 and exhibits were to be marked at that time.

Court of Claims rule 206.23 (g) (2) (22 NYCRR 206.23 [g] [2]) provides that exhibits should be marked at the pretrial conference. At a conference in chambers, the State announced that it refused to have its exhibits marked prior to the commencement of trial. When the State persisted in its refusal, claimant made a motion to preclude the State from presenting any exhibits at trial that had not been marked at the pretrial conference. The Court of Claims ruled that the State was required to comply with rule 206.23 (g) (2) and that, if it failed to do so within three days of receipt of the order, it would be precluded from presenting any exhibits at trial. This appeal by the State ensued.

There should be an affirmance. The Court of Claims had authority to adopt rule 206.23 (g) (2) pursuant to Court of Claims Act § 9 (9), which gives the court the power to: "establish rules for the government of the court and the regulation of practice therein * * * in furtherance of the provisions of this act and not inconsistent with law". The rule adopted by the Court of Claims simply refines one of the court's powers to regulate the conduct of a trial *(see,* CPLR 4011). It allows the court in public construction contract cases to require that all exhibits be marked before the trial commences and, where possible, that all objections to those exhibits be made at that time. Such a rule has the effect of permitting the trial of a claim with voluminous exhibits to proceed in a more orderly manner.

The situation presented in *Roberts v St. Francis Hosp.* (96 AD2d 272), relied on by the State, is distinguishable from the instant case. Here, the State is not being required to reveal its

defense before claimant rests and is not giving up or compromising any of the options it has available to it at the close of claimant's case, as was the situation in *Roberts*.

We reject the State's argument that since by its waiver of immunity it assumes liability only for cases that are "determined in accordance with the same rules of law as applied to actions in the supreme court" (Court of Claims Act § 8), and since the Supreme Court has no corresponding rule which requires defendants to present exhibits for pretrial marking, the rule in question is outside the waiver of immunity. Court of Claims rule 206.23 (g) (2) is not a rule of law. It is a procedural rule relating to the timing of exhibit marking and evidentiary objection to exhibits. It therefore is not required to have a counterpart in the rules governing Supreme Court actions and is not contrary to or violative of rules applied in that court.

The State's contention that the Court of Claims lacked authority to impose a sanction which required the State to comply with 22 NYCRR 206.23 (g) (2) by presenting its proposed exhibits for marking or be barred from presenting any exhibits at trial is also without merit. Court of Claims Act § 9 (11) gives the court "all of the powers necessary to carry out properly the jurisdiction granted and the duties imposed by [the Court of Claims] act". Accordingly, the Court of Claims has the power to enforce its orders.

KANE, J. P., MAIN and YESAWICH, JR., JJ., concur.

Order affirmed, with costs.