F. LEONARD BURCHARD and JOHN T. BALL, as Executors, etc., of HORATIO P. BALL, Deceased, Respondents, *v.* JOHN BARTON PAYNE, as Agent Appointed by the President, under Section 206 of the Transportation Act,\* Appellant.

Third Department, July 7, 1921.

Railroads — construction of bridge over tracks as substitute for previous highway — railroad company not liable for injuries resulting from automobile crashing through defective barrier on bridge in absence of notice required by Railroad Law, § 93 — barriers constitute part of roadway as distinguished from framework and abutments of bridge.

Under section 93 of the Railroad Law providing that " When a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad company, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same are situated; except that in the case of any overhead bridge constructed prior to the first day of July, eighteen hundred and ninety-seven, the roadway over and the approaches to which the railroad company was under obligation to maintain and repair, such

———————
\* See 41 U. S. Stat. at Large, 461, § 206; Pres. Proc. March 11, 1920, and May 14, 1920; 41 U. S. Stat. at Large, 1789; Id. 1794.— [REP.

obligation shall continue, provided the railroad company shall have at least ten days' notice of any defect in the roadway thereover and the approaches thereto," a railroad company, required by its charter in crossing a highway to restore the same "to its former state, or to such state as not unnecessarily to have impaired its usefulness," which, prior to the original enactment of the aforesaid provision of the Railroad Law, constructed a bridge twenty feet over its tracks which was in effect merely a substitute for the previous roadway, and erected barriers along both sides thereof, cannot be held liable for damages resulting after the enactment of said statute from an automobile crashing through one of the barriers which was defective, in the absence of at least ten days' notice from the town superintendent of highways of said defect, since said barriers constitute a part of the lawful roadway as distinguished from the framework of the bridge and its abutments.

KILEY, J., dissents, with memorandum.

APPEAL by the defendant, John Barton Payne, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Schenectady on the 14th day of October, 1920, upon the verdict of a jury for $20,000, and also from an order entered in said clerk's office on or about the same day denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Lewis E. Carr*, for the appellant.

*Arthur W. Morse*, for the respondents.

WOODWARD, J.:

Horatio P. Ball, whose executors bring this action, was killed on July 17, 1918, when an automobile in which he was riding with other gentlemen ran off a bridge erected by the Albany and Susquehanna railroad to carry the highway over its tracks in the town of Duanesburgh back in 1861 or 1862, and since altered and maintained by its successor, this railroad being in the control of the Federal government at the time of the accident and its agent now appearing as the defendant, appellant. The action was originally brought against the town of Duanesburgh and the Director-General of Railroads, and upon the first trial the action was dismissed as to the town, but continued as against the Director-General. The jury disagreed and the case was retried, resulting in a verdict of $20,000 against the defendant. A motion for a new trial on the

minutes was made and denied, and the previous motion to dismiss the complaint was in like manner denied. The defendant appeals from the judgment and order.

There is no serious contention that the verdict is not justified if, as matter of law, the plaintiffs were entitled to recover. At the time of the construction of the railroad it became necessary, in the practical work of construction, to change certain highways. The railroad, at the point of intersection with the highway, had to be lowered some twenty feet below the common level, and two highways were merged in one and both were carried over the railroad by a bridge, which was in effect merely a substitute for the previous roadway. This change involved some engineering matters which undoubtedly made for a dangerous situation at the bridge, and to obviate this danger, in compliance with the requirement of the statute that in crossing a highway the railroad should restore the same " to its former state, or to such state as not unnecessarily to have impaired its usefulness " (Laws of 1850, chap. 140, § 28, subd. 5; *Bryant* v. *Town of Randolph*, 133 N. Y. 70, 77, and authority there cited), the railroad company erected barriers along both sides of this bridge and maintained them for a long period of years. (See, also, Laws of 1880, chap. 133, and Laws of 1887, chap. 724, amdg. said § 28, subd. 5; revised by Railroad Law [Gen. Laws, chap. 39; Laws of 1890, chap. 565], § 11; now Railroad Law [Consol. Laws, chap. 49; Laws of 1910, chap. 481], § 21, as amd. by Laws of 1913, chap. 743, and Laws of 1916, chap. 109.) There is no doubt that the statutory requirement was continuing, and that the railroad company rested under all the obligations and duties imposed by its charter (*Bryant* v. *Town of Randolph, supra; Bush* v. *D., L. & W. R. R. Co.*, 166 N. Y. 210, 218, and authority there cited) subject to the right of the Legislature to alter or amend the same. (See Const. art. 8, § 1.) The accident in which Mr. Ball was killed is claimed to have been due to the fact that the automobile came upon this bridge by way of a reverse curve in such a manner that it came in contact with one of these barriers, which, being decayed and weak, gave way and the automobile was precipitated to the track some twenty feet below, resulting in killing three of the four occupants of the car. We shall assume that if there had been

no modification of the duty of the railroad company in respect to this bridge the judgment here under consideration would be open to no serious objections.

In 1897 the Legislature enacted chapter 754 of the Laws of that year, commonly known as the Grade Crossing Law, and thereby added sections 60 *et seq.* to the then existing Railroad Law (Gen. Laws, chap. 39; Laws of 1890, chap. 565). Section 64 of the Railroad Law, as added by that act, provided that "when a highway crosses a railroad by an overhead bridge, the frame work of the bridge and its abutments shall be maintained and kept in repair by the railroad company, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality in which the same are situated;" and while this might have been confined to railroads where grade crossings were eliminated under the provisions of the act, the court, in *Bush* v. *D., L. & W. R. R. Co.* (166 N. Y. 210, 224), held that " as the language of the statute is sufficiently broad to include existing bridges, we have held that it applies to such bridges, and the question is not an open one in this court." (Citing *City of Yonkers* v. *N. Y. C. & H. R. R. R. Co.,* 165 N. Y. 142.) Subsequently, and in 1902 the Legislature enacted chapter 140 of the Laws of that year, amending section 64 by adding to the clause above quoted the exception " that in the case of any overhead bridge constructed prior to the enactment of sections sixty-one and sixty-two of this act, the roadway over and the approaches to which the railroad company was under obligation to maintain and repair, such obligations shall continue, provided the railroad company shall have at least ten days' notice of any defect in the roadway thereover and the approaches thereto, which notice must be given in writing by the commissioner of highways or other duly constituted authorities, and the railroad company shall not be liable by reason of any such defect unless it shall have failed to make repairs within ten days after the service of such notice upon it." (See, also, Laws of 1909, chap. 153, amdg. said § 64. Now Railroad Law [Consol. Laws, chap. 49; Laws of 1910, chap. 481], § 93, as amd. by Laws of 1913, chap. 744, and Laws of 1916, chap. 484; since amd. by Laws of 1921, chap. 698.)

Obviously, this amendment of the statute operated to relieve the municipality of the absolute obligation to keep in repair "the roadway thereover and the approaches thereto," as the statute had been construed in *City of Yonkers* v. *N. Y. C. & H. R. R. R. Co. (supra)*, and restored the obligation of the railroad company, under the circumstances existing in this case, to maintain the entire structure, for its duty under the original charter was to restore and maintain highways crossed by it to their former state, "or to such state as not unnecessarily to have impaired its usefulness." (*Bryant* v. *Town of Randolph, supra; Bush* v. *D., L. & W. R. R. Co.*, 166 N. Y. 210, 221.) In the latter case the court say that "since 1835* the liability of railroad companies for injuries occasioned by their neglect to restore and maintain highways crossed by their railroads to their former state so as not to impair their usefulness, has never been questioned nor denied," and this rule now applies to the appellant, subject, however, to the proviso that "the railroad company shall have at least ten days' notice of any defect in the roadway thereover and the approaches thereto." (Railroad Law, § 93.) It had been held in *Bryant* v. *Town of Randolph (supra)* that the approaches to a railroad crossing constructed by the railroad company in compliance with the statute, and within the right of way of the railroad company, were still within the jurisdiction of the commissioner of highways, and that the town was liable for a neglect of the commissioner of highways to provide a barricade where the circumstances were such as to require it for the protection of the traveling public. The town superintendent of highways has since succeeded to the jurisdiction of the commissioner of highways. It was entirely logical, therefore, to provide in the statute that the liability of the railroad company should depend upon a notice of "any defect in the roadway thereover and the approaches thereto," and as barriers upon the highway are required only where there are precipices, excavations, steep banks, deep water, etc., within or without the limits of the road, where they are so imminent to the line of public travel as to expose travelers

*See Laws of 1835, chap. 300.— [REP.

to unusual hazards (*Scannal* v. *Cambridge*, 163 Mass. 91, 93; *Adams* v. *Inhabitants of Natick*, 13 Allen, 429, 431), it can hardly be doubted that the barriers upon this bridge, which was a mere substitute for the previous highway, constituted a part of the lawful roadway within the jurisdiction of the town superintendent of highways, as distinguished from the framework of the bridge and its abutments, and that it was necessary, under the law, that the railroad company should have had notice from the town superintendent of highways of the defect complained of in order to charge it with liability to the plaintiffs in this action.    The change in the original highway made necessary by the construction of the railroad brought about the necessity for the barriers; they constituted a part of the necessary work in restoring the highway so " as not unnecessarily to have impaired its usefulness," and as the roadway as thus amended could not be a lawful roadway without the barrier it constituted a part of the roadway which was peculiarly for the town superintendent of highways to look after, under the view taken of the question in the *Bryant Case* (*supra*), and the defendant is not liable, no notice having been given.

The judgment and order appealed from should be reversed.

All concur, except Kiley, J., dissenting, with a memorandum.

Kiley, J. (dissenting):

Mr. Justice Woodward advises reversal of this judgment on the sole ground that the notice provided for, under certain conditions, in the Railroad Law, section 93, was not given to the railroad.    I do not think any notice was required of the Highway Commission.    Section 93 of the Railroad Law (as amd. by Laws of 1916, chap. 484),* covering the circumstances existing here, reads as follows: " When a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad company, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over and in which the

---

* Since amd. by Laws of 1921, chap. 698.— [Rep.

same are situated." Then follows the exception to which Mr. Justice WOODWARD refers and upon which, if followed, this defendant escapes liability. It is as follows: " Except that in the case of any overhead bridge constructed prior to the first day of July, eighteen hundred and ninety-seven, the roadway over and the approaches to which the railroad company was under obligation to maintain and repair, such obligation shall continue, provided the railroad company shall have at least ten days' notice of any defect in the *roadway* thereover and the *approaches thereto*," which notice must be in writing, etc. The learned judge says that if it was not for the alleged omission the judgment should be sustained. That exception does not apply to conditions here, unless we are going to hold that the railing was not a part of " the framework of the bridge," and affirmatively hold that the railing is a part of the "roadway" and "approaches." I do not think it bears any such construction; I think the railing was a part of " the framework of the bridge " which under the law the defendant railroad company was bound to keep in repair and without notice.

I favor affirmance.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.