FRANCES E. JAMES, by FRANCIS H. JAMES, Her Guardian ad Litem, Appellant and Respondent, *v.* DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Defendant, TOWN OF CORTLANDVILLE, Respondent, and COUNTY OF CORTLAND, Appellant.

(Argued April 27, 1932; decided June 1, 1932.)

*James C. Tormey* for plaintiff, appellant and respondent.

*Charles H. Gardner* for County of Cortland, defendant-appellant.

*Levi R. Chase* for Town of Cortlandville, defendant-respondent.

Judgments affirmed, with costs; no opinion.

Concur: POUND, Ch. J., CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ. O'BRIEN, J., concurs in part and dissents in part in the following memorandum:

O'BRIEN, J. (dissenting in part). I agree that the county was properly held. This part of the judgment must rest upon the theory that, irrespective of any duty to repair, the county was guilty affirmatively of negligence in demolishing the railing. The part of the judgment at Trial Term whereby liability for failure to repair is imputed to the town, seems to me also correct. As I read the law, the statutory duty to repair was cast on the town rather than the county or the State. (Railroad Law; Cons. Laws, ch. 49, § 93.)

The Legislature has drawn a clear distinction between highways and bridges. (*Paddleford* v. *State*, 192 App. Div. 870.) The railing on this bridge is part of the roadway of the bridge (*Burchard* v. *Payne*, 197 App. Div. 829; affd., 233 N. Y. 671), but, since the span of the bridge exceeds five feet and the pavement thereon is not separated from the structure by an earth fill, the roadway on the bridge, by virtue of the definition contained in the Highway Law (Cons. Laws, ch. 25, § 2, subd. 4), is no part of a highway. Even if it were a highway, it could not constitute any part of the State highway extending from Homer to Cortland (Highway Law, § 120, route 10) because, under no conception can the roadway on the bridge be held to have been improved at the sole expense of the State. (Id. § 3, subd. 1; § 120.) The bridge, including the roadway thereon, was built by the railroad company under the compulsion of section 91 of the Railroad Law. Although the State as well as the town, pursuant to section 94, subdivision 3, of the Railroad Law, bore a

proportion of the cost of construction as part of a grade crossing elimination, the railroad in no respect acted as agent of the State. (*Long Island R. R. Co.* v. *Dept. of Labor*, 256 N. Y. 498, 508, 509.) The roadway over this bridge was, therefore, improved by the railroad under lawful coercion and not by the State. On these facts the first sentence of section 93 of the Railroad Law imposes upon the town the responsibility for maintenance and repair. If, however, the facts had been different and the roadway had been improved by the State instead of the railroad, the liability to keep it in repair would, under the last sentence in section 93, have been transferred to the State. In that event, the provisions of the first sentence in section 170 of the Highway Law excluding maintenance by the State of bridges having a span of more than five feet would yield to the provisions in the last sentence of section 93 of the Railroad Law. After the construction of the bridge and its roadway by the railroad company, the State itself did improve the approaches at each end of the bridge and thereby assumed the duty, pursuant to the last sentence in section 93 of the Railroad Law, for the maintenance and repair of *the approaches only.* Section 176 of the Highway Law goes no further than to designate the season of the year when the State accepts liability for defects in State and county highways. Since the roadway on this bridge is not a part of either kind of highway, section 176 has no application to this case. The Legislature has in varying instances carved out divisions of authority and responsibility in relation to repair and maintenance of highways and bridges. The reasons may not be entirely apparent but to me the fact seems plain. It is for the Legislature, if it so desires, to lighten the present financial burdens of the towns and to eliminate or in any event to reduce the present inconvenience and irregularity in administration.

I vote to modify the judgment by reinstating the verdict against defendant Town of Cortlandville, but concur otherwise for affirmance.