NEW YORK CENTRAL RAILROAD COMPANY, Plaintiff, *v.* COUNTY OF ERIE et al., Defendants.

Supreme Court, Trial Term, Erie County, December 7, 1949.

*Mark N. Turner* for plaintiff.

*Ralph A. Lehr, County Attorney (Elmer R. Weil* of counsel) for County of Erie, defendant.

*George B. Doyle* for Town of Cheektowaga, defendant.

HALPERN, J. This is an action for a declaratory judgment in which the issue is whether the New York Central Railroad Company, the County of Erie or the Town of Cheektowaga is required to maintain the railings along the sidewalks on a bridge carrying Harlem Avenue over the tracks of the railroad in the town of Cheektowaga, Erie County, New York.

The grade crossing had been eliminated pursuant to an order of the Public Service Commission dated November 16, 1927, in a proceeding instituted under chapter 233 of the Laws of 1926. The order provided for the elevation of the grade of the highway and the carrying of the highway over the railroad in accordance with the plans submitted to the commission and specifically provided for sidewalks on the bridge and approaches with suitable railings on the outside of each sidewalk.

The final revised general plan of the elimination was approved by order of the commission dated January 10, 1929. The general plan contained the following note: " The framework of the bridge over the railroad and its supports shall be maintained by the railroad company, the sidewalks on the bridge and approaches shall be maintained by the town of Cheektowaga and the remainder of the improvement by the county of Erie."

This notation was approved by the commission, under the provisions of subdivision 6 of section 2 of the Grade Crossing Elimination Act (L. 1928, ch. 678), which superseded the original grade crossing act (L. 1926, ch. 233).

This subdivision reads in part: " Such plans shall specifically show that part of the work of elimination which when completed shall be maintained by the railroad corporation or corporations and that part which shall be maintained by the state or one or more municipalities in which the work of elimination is located, as provided by section ninety-three of the railroad law, and such plan shall also show that part of the work of elimination which shall be otherwise maintained as the commission may direct."

Section 93 of the Railroad Law referred to in the foregoing provision of the Grade Crossing Elimination Act reads in part as follows: " When a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad company,

# ERRATUM

To be inserted in

# Volume 197
## Miscellaneous Reports—Page 803

The Paragraph

"(1) The railings along the sidewalks are not a part of the framework of the bridge, which it is the duty of the plaintiff for their maintenance."

SHOULD READ

"(1) The railings along the sidewalks are not a part of the framework of the bridge and therefore the plaintiff is not liable for their maintenance."

O87. 3M. 3-52

and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same are situated ''.

Pursuant to the direction by the Public Service Commission, the County of Erie has maintained the roadway and the Town of Cheektowaga has maintained the sidewalk since the completion of the improvement. However, the railings on the outside of the sidewalks have never been painted or cleaned and it is undisputed that they are now in need of scraping, painting and repair and that, if they are not properly cared for, they will deteriorate further and become dangerous for use by the public.

The defendants contend that the railings are a part of the framework of the bridge, which it is the duty of the plaintiff to maintain; the plaintiff contends that the railings are a part either of the sidewalk or of the roadway and that therefore it is the duty either of the town or of the county to maintain the railings.

(1) The railings along the sidewalks are not a part of the framework of the bridge, ~~which it is the duty of the plaintiff for their maintenance~~.

From an engineering standpoint, the railings are obviously not a part of the framework of the bridge. Chamber's Technical Dictionary defines framework as '' The supporting skeleton of a structure.'' The railings in question form no part of the support of the bridge.

However, the technical meaning of the word '' framework '' is not necessarily controlling. '' In construing this statute, it was the duty of the court to give to its words their plain, usual and ordinary meaning.'' (*Bush* v. *Delaware, L. & W. R. R. Co.*, 166 N. Y. 210, 225.) Giving the words of the statute that meaning, it is equally clear that the railings are not a part of the framework of the bridge. The railings are barriers designed for the protection of the pedestrians using the sidewalks and, as such, are a part of the roadway and appurtenant sidewalks, rather than of the structure of the bridge.

It is pointed out by the town attorney that part of the steel structure of the bridge extends above the surface of the roadway and in effect encloses the portion of the roadway directly over the railroad tracks and thus serves as a barrier protecting vehicles using the roadway and he argues that if the structure had been somewhat differently designed, parts of the steel work might have been placed at the outside of the sidewalks so as to enclose the sidewalks too and to serve the function now served by the sidewalk railings. It may be theoretically true that a

bridge could have been built in the manner suggested, but the fact remains that the bridge, as built pursuant to the order of the Public Service Commission, did not furnish any protective barriers for the sidewalks by reason of the extension of any of the structural parts of the bridge above the level of the roadway. It was for this very reason that the Public Service Commission directed the separate construction of sidewalk railings. It should also be noted that the sidewalk railings extend along the whole of the sidewalk, including those portions which are on the approaches to the bridge, as well as those portions which are on the bridge itself.

The case of *James* v. *Delaware, L. & W. R. R. Co.* (233 App. Div. 617, affd. 259 N. Y. 609) is directly in point. The *James* case (*supra*) was a negligence action wherein the plaintiff sought to hold the railroad company, the town and the county liable for an accident alleged to have occurred because of a gap in a railing at the side of a bridge. The county was held liable for the damages suffered by the plaintiff and the court said (p. 620): "The railing was not part of the framework or abutment of the bridge, but of the roadway, and the duty of maintaining it was on the proper municipality."

In the earlier case of *Burchard* v. *Payne* (197 App. Div. 829, affd. 233 N. Y. 671) which was cited and followed in the *James* case (*supra*), the court had before it another part of section 93 of the Railroad Law, under which railroad companies might be held liable for defects in roadways on overhead bridges constructed prior to July 1, 1897, if they were given ten days' notice of the defect. The court held that the barrier at the side of the bridge was to be treated as part of the roadway within the meaning of this provision. It therefore held that the railroad was not liable for a defect in the barrier, because it had not been given the notice required with respect to defects in the roadway, although no notice would have been required if the defect had been in the framework itself. The court said (p. 834): "it can hardly be doubted that the barriers upon this bridge, which was a mere substitute for the previous highway, constituted a part of the lawful roadway within the jurisdiction of the town superintendent of highways, as distinguished from the framework of the bridge and its abutments, and that it was necessary, under the law, that the railroad company should have had notice from the town superintendent of highways of the defect complained of in order to charge it with liability to the plaintiffs in this action."

A similar conclusion was reached by the Supreme Court of Washington in the case of *Pridmore* v. *Northern Pacific Ry. Co.* (109 Wash. 305) where the court had before it the interpretation of a statute which was similar to section 93 of the Railroad Law. The court held that the railroad company was not liable for the maintenance of the railing at the side of the bridge, saying in part (pp. 308–309): "Framework, as applied to things built or constructed, means that which furnishes form or strength, or both. In the statute, it is used in contradistinction to the roadway, which is to be placed upon the framework and the abutments. If this view is correct, everything above the framework and abutments would be a part of the roadway, which would include the flooring and everything above that. This would make the bulkhead and railing, being above the planking of the roadway, a part of such roadway. Under the statute, the overhead crossing is divided into two parts, one the framework and abutments, which has a tendency to point out that which constitutes the carrying strength of the crossing; and the other part, the roadway, would seem to relate to that which, within the limits of the carrying strength of the framework and abutments, supports the burden of travel."

(2) The railing along the sidewalks is part of the sidewalks and must be maintained by the Town of Cheektowaga. This conclusion is supported by the cases cited above. Although none of these cases involved the question of a railing along a sidewalk, they involved the question of railings or barriers along the roadway or at the edge of the bridge, and it follows from the reasoning of the cases cited that the railing along the sidewalk must be deemed to be a part of the sidewalk.

Despite the fact that it has maintained the sidewalks since the completion of the improvement, the Town of Cheektowaga belatedly attempts to question the power of the Public Service Commission to order it to maintain the sidewalks but there can be no serious question as to the power of the commission to make such an order under the explicit provisions of the statutes quoted above. The only question is whether the railing is part of the sidewalk to be maintained by the town rather than part of the roadway to be maintained by the county. The railing is obviously a sidewalk railing designed for the protection of pedestrians using the sidewalk and, upon a fair reading of the Public Service Commission's direction that "the sidewalks on the bridge and approaches shall be maintained by the Town of Cheektowaga", it must be concluded that the com-

mission intended to include the railings in the term "sidewalks".

A proposed decision may accordingly be submitted herein, adjudging and declaring that it is the obligation of the Town of Cheektowaga to repair and maintain the sidewalk railings.