■ ALVIN G. AYRES et al., Appellants, v HERTZ CORPORATION, Respondent. — In an action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Bracken, J.), entered July 18, 1980, which was in their favor in the principal amount of $575, upon a jury verdict. Judgment affirmed, with costs. The trial court acted well within its discretionary powers when it resubmitted the case to the jury, rather than grant a new trial, after the jury had returned an inconsistent verdict (see CPLR 4111, subd [c]; *Jacques v Sears, Roebuck & Co.,* 30 NY2d 466; see, also, Siegel, New York Practice, § 399). Mangano, J.P., Gibbons, Cohalan and O'Connor, JJ. concur.

■ MARK COSTELLO, Respondent, v EILEEN BARR, Respondent, and COUNTY OF NASSAU, Appellant. — In a negligence action to recover damages for personal injuries, defendant County of Nassau appeals from an interlocutory judgment of the Supreme Court, Nassau County (Oppido, J.), dated October 3, 1980, which, after a jury trial, (1) dismissed the complaint as to defendant Barr and (2) adjudged the County of Nassau to be liable to the plaintiff in the apportioned amount of 25%. Interlocutory judgment affirmed, without costs or disbursements. In this negligence action, the credible evidence supports the jury's verdict holding the County of Nassau liable for 25% of the plaintiff's damages. The county, through its agent the Nassau County Police Department, had prior notice of the alleged unsafe condition which existed on a public highway within its jurisdiction. Its failure to correct the existing condition was a breach of its duty to maintain its roads in a reasonably safe condition (see *Harris v Village of East Hills,* 41 NY2d 446) and it was within the jury's power to conclude that this failure to act was a contributing factor to plaintiff's injuries. Mollen, P.J., Damiani, Gibbons and Thompson, JJ., concur.