OPINION OF THE COURT
Arthur B. Curran, J.
The defendant, Town of Kendall, moves for an order pursuant to CPLR 3212 granting summary judgment dismissing the claims and cross claims against said defendant upon the ground that there are no factual or legal issues of fact to support the plaintiff’s claims.
This action arises out of an automobile accident which occurred on September 1, 1978, at approximately 9:30 p.m. The road upon which the accident transpired was a dead-end street. The plaintiff’s vehicle proceeded past the end of the pavement, over an embankment and dropped approximately 15 feet to the shore of Lake Ontario. The plaintiff’s claims are based upon the alleged negligence of both the County of Orleans and the Town of Kendall, with regard to their maintenance of the highway in question and their failure to give adequate warning and to erect proper and adequate barriers so as to prevent the aforesaid vehicle *17 from traveling beyond the end of the dead-end street and on to the shore of Lake Ontario.
The issue presented by this motion is, whether actual knowledge by the town highway superintendent of a dangerous or defective condition existing on a county road, imposes an actionable duty on the part of the town highway superintendent to advise the county of the existence of the dangerous defect or condition, at the peril of holding the town liable for personal injuries sustained as a result of a defective condition.
Pursuant to section 140 of the New York State Highway Law, the town superintendent shall, among other things:
“1. Have the care and superintendence of the town highways and bridges and board walks or renewals thereof on highways less than two rods in width, in the town, except as otherwise specially provided in relation to incorporated villages, cities and other localities * * *
“16. Report annually on such date as may be prescribed by the department of transportation, prior to January first, to the county superintendent, in relation to the town highways and bridges in his town, containing the matter and in the form to be prescribed by the department of transportation; and,
“17. Perform such other duties and have such other powers as may be imposed or conferred by law, or the rules and regulations of the department of transportation, including the powers and duties heretofore exercised or performed by highway commissioners.”
Although the statute specifies the duties of the town superintendent of highways, it does not create an obligation on the part of the superintendent to report on the condition of highways, streets and roads not maintained by the town. (See 26 NY Jur, Highways, Streets and Bridges, § 74.) In fact, the town superintendent may not maintain streets or roads which are not part of the town highway system (see Opns St Comp, 1946, p 471). With the exception of actual roads maintained by the town, section 140 of the Highway Law does not apply to all roads of less than two rods, but only to those roads which the town has commenced a “renewal”.
*18 In the case at bar, the Town of Kendall did not undertake a renewal project on the county road where the accident occurred. The town neither did nor had the duty to do any maintenance, construction, or repair work on the Kendall Road. The only work the town did on the road was to snowplow the road during the winter, pursuant to a contract with the County of Orleans. At an examination before trial, held on December 15,1981, the testimony of the town highway superintendent and the county highway superintendent provided proof that the County of Orleans had absolute control of the road, to wit: it did paving; maintenance; inspection and signing; building barricades before and after the accident.
Thus, the court turns to the case law in grappling with the question of whether the town’s highway superintendent’s knowledge of a defective condition on a county road constitutes a cause of action against the town for negligence, when the town superintendent did not. notify county officials of the existence of the dangerous defect and/or condition.
The general proposition of law is that every municipality has a duty to keep its roads in reasonably safe condition. This is based on the fact that where a municipality offers services and facilities, it is up to the municipality to keep such services and facilities in reasonably good repair. (See Tomassi v Town of Union, 46 NY2d 91; Harris v Village of East Hills, 41 NY2d 446; and Riss v City of New York, 22 NY2d 579, whereby the court held that the ground for liability is the provision of services or facilities for the direct use by members of the public.)
A town may not be held liable for damages arising out of the defective condition of a county road (Issac v Town of Queensbury, 247 App Div 263, town not liable for death where an auto ran into a fence at an abandoned railroad crossing on a State road; Graham v Town of Urbana, 235 App Div 275, affd 261 NY 592, town not liable for mud slide onto a State road; and, Cleveland v Town of Lancaster, 239 App Div 263, town not liable for a faulty signal light installed by the town at an intersection of county and State roads).
*19 A county has no obligation imposed by law to repair or otherwise maintain a town highway beyond that mandated by subdivisions 2 and 6 of section 102 of the Highway Law (Malcuria v Town of Seneca, 66 AD2d 421). However, when by law, a county has charge of the repair or maintenance of a road, as it does in the instant action, there is a general duty on the county for supervision of construction, maintenance and repair work on all such roads in the county.
Since it is absolutely undisputed that no services and/or facilities were provided by the Town of Kendall for the Kendall Road, there is no legal basis for municipal tort liability with respect to the town’s construction, maintenance, repair and/or signing of the highway in question.
In dealing with the town superintendent’s knowledge of the roadway’s defective condition and his failure to notify the county, the court has to decide whether or not the town has any “special duty” to the individual and whether or not the town superintendent’s “nonfeasance” gives rise for a cause of action against the town for negligence.
In Costello v Barr (83 AD2d 952), the court held that notice to a Nassau County Police Officer constituted sufficient notice of an alleged unsafe condition which existed on a public highway to impose an obligation upon the county to repair the condition which existed. The court reasoned that the county, through its agent, the Nassau County Police, had prior notice of the alleged unsafe condition which existed on a public highway within its jurisdiction. The county’s failure to correct the existing condition was a breach of its duty to maintain the county roads in a reasonably safe condition.
In James v Delaware, Lackawanna & Western R. R. Co. (233 App Div 617, affd 259 NY 609) a jury verdict on behalf of a plaintiff who sustained injuries as a result of a broken guardrail was affirmed as to the county. The guardrail was located on a State highway and the town was named as a party defendant in the negligence action. The Appellate Division reversed the verdict against the defendant town, which had been found negligent by the jury based on a finding of actual knowledge which the town highway superintendent had of the dangerous condition. The court ruled (p 621):
*20 “This is a State highway. It is within the provisions of section 176 of the Highway Law. And the accident happened during the period of [the year] when the State was responsible for the maintenance thereof.
“So that, notwithstanding the knowledge which the town {highway] superintendent had of the situation, the town is not liable for his failure to act” (Emphasis added.)
It is a basic principle of tort law that if one owes no duty to a person, one’s refusal and/or lack of action will not render one liable for a person’s injury. For example, a person who sees another person drowning does not owe a duty to the person in trouble. Thus, a passerby does not have to rescue a drowning swimmer. Once any affirmative actions are commenced, however, the law will hold the “good Samaritan” liable for his negligence that results from his rescue efforts.
Applying these rules to the instant case, this court finds that the Town of Kendall did not maintain nor did it take any affirmative steps to maintain, inspect, repair or pave the .Kendall Road. Thus, the Town of Kendall will not be liable for the defective condition of the county road. In applying the rule espoused in the James case (supra), the court rules that the town is not liable for the defective condition of the county road even in view of the fact that the town superintendent of highways had knowledge of the road’s defective condition and chose not to inform or give notice of the street’s condition to the county highway superintendent. The town superintendent did not owe the county a duty to advise it of such defects, either under statutory or common law. The town superintendent was not negligent in his failure to notify the county, instead he took no steps to relay the information of the defective roadway condition to the county.
After a careful review of the Costello case (83 AD2d 952, supra), the court is convinced that the Costello court did not intend to hold that an employee of one municipality has a duty to contact another municipality regarding a defective condition, with liability imposed against the first municipality if the condition is not communicated and an injury is sustained as a result of the defective condition. *21 Unlike the case before this court, the court in Costello found that the county, through its agent, the Nassau County Police Department, had prior notice of the alleged unsafe condition which existed on a public highway within the county’s jurisdiction. Its failure to correct the existing condition was a breach of its duty to maintain its roads in a reasonably safe condition. Thus, the court concluded that under these circumstances the failure of the police to notify the county was a contributing factor to the plaintiff’s injuries.
In the case at bar, the Town of Kendall did not have a duty to keep the road on which the accident occurred in a safe condition. Furthermore, the town highway superintendent was not an agent of the county. Thus, the “nonfeasance” of the town highway superintendent does not give rise to a cause of action against the town for negligence.
As a result of these findings, the court grants the defendant Town of Kendall’s motion for summary judgment dismissing the claims and cross claims against the Town of Kendall upon the grounds that no factual issues exist to support any claim of an actionable duty on the part of the Town of Kendall.