■ FAMARK ELECTRIC CO., INC., Respondent, v SAM KAGAN, Appellant. —Appeal from a judgment of the Supreme Court, entered January 29, 1976 in Sullivan County, upon a verdict rendered at a Trial Term, in favor of plaintiff. A judgment was obtained by the plaintiff against the defendant after a jury trial in the total sum of $20,065.19 for breach of an agreement between the parties herein. The facts giving rise to the agreement are essentially undisputed. In the early part of 1973 the holders of the first and third mortgages on the Laurels Hotel in Sullivan County commenced an action to foreclose the mortgages, and the plaintiff was named as a defendant in that action. The plaintiff's defense in the foreclosure action was based on a mechanic's lien filed by it on March 6, 1972, alleging that the mortgagors, owners of the Laurels Hotel, owed the plaintiff the sum of $22,962.29 for work, labor and services performed and materials furnished

for the hotel. Plaintiff also filed a cross claim against the mortgagors seeking to foreclose its lien, or in the alternative, a judgment for the amount claimed to be owing plus interest in the event a valid lien should not be established. Thereafter, the mortgagees moved for summary judgment in the foreclosure action, and the motion was denied. The denial was based on the fact that a judgment of foreclosure might be prejudicial to plaintiff's mechanic's lien in view of an issue raised as to priority of the lien. Subsequently, the agreement was entered into between the plaintiff and the defendant, who is the father of two of the mortgagees who instituted the foreclosure action, which agreement is now the subject of the present action. Pursuant to this agreement, plaintiff withdrew its answer in the mortgage foreclosure action, but reserved its right to continue to prosecute its cross claim against the mortgagors arising out of the mechanic's lien. The agreement provided that the plaintiff shall proceed with all due diligence to reduce its cross claim to final judgment, setting forth the exact amount due to the plaintiff, and that the defendant agrees to purchase said judgment by paying to the plaintiff 60% of the amount of the judgment plus interest on said 60% at the rate provided by statute. The defendant was required to consummate the purchase as aforesaid within 30 days after entry of a final judgment in favor of the plaintiff on the cross claim. The agreement also stated that, should the plaintiff settle or otherwise dispose of its claim against the mortgagors, it shall have the sole right and privilege of keeping the entire sums it received, in which event the agreement becomes null and void, and plaintiff's lien or judgment shall be canceled of record. Following a conference prior to the trial of the mortgage foreclosure action the mortgagors withdrew their reply to plaintiff's cross claim and consented to the entry of a money judgment for the full amount of plaintiff's mechanic's lien with interest, plus costs and disbursements. On the trial the defendant contended that the agreement became null and void when plaintiff *settled* its claim, and that since the judgment was part of a settlement arrived at at the pretrial conference, it was not the type of judgment that defendant intended to purchase under the agreement in question. Plaintiff argued that he has secured a judgment against these individuals, as it was required to do by the terms of the agreement, and therefore, the defendant is required to purchase the judgment in accordance with the agreement. It is apparent that the agreement was ambiguous on its face as to whether the defendant agreed to purchase any judgment obtained by the plaintiff on the claim as set forth in its mechanic's lien or whether plaintiff was required to obtain a judgment of foreclosure of its lien. Ambiguity is also found in the provision regarding plaintiff's "right to settle or otherwise dispose of its claim". The language of the agreement is not clear as to whether it becomes null and void by the mere fact that an agreement was arrived at as to the terms of the settlement of the claim, or whether plaintiff must actually receive payment of the amount claimed before the agreement is void. Thus a factual question was presented for the jury to determine in ascertaining the intent of the parties and the interpretation to be given to the disputed provisions of the agreement (*Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169, 172). In this regard, contracts must be interpreted with reference to their subject matter, and intent may be arrived at by giving due consideration to the purpose to be accomplished by the agreement, as well as the object to be advanced (*Matter of Herzog,* 301 NY 127, 135; *O'Neil Supply Co. v Petroleum Heat & Power Co.,* 280 NY 50, 55). The stipulations between the plaintiff and the mortgagees in the foreclosure action, wherein the plaintiff withdrew its answer, were entered into pursuant to paragraph 4 of the

agreement, and clearly support plaintiff's contention that the obvious purpose of the agreement was to have the plaintiff withdraw its defenses to the foreclosure action. The record establishes that this was accomplished by executing the agreement in question, thus enabling the mortgagees to proceed with their foreclosure action. Furthermore, we are of the opinion that, based upon the evidence before it, the jury could reasonably conclude that the defendant bargained to purchase any judgment that the plaintiff might recover on its claim, and that his obligation under the agreement was not restricted to a judgment of foreclosure only. There was also sufficient evidence from which the jury could reasonably infer that the agreement became void only in the event that the plaintiff received payment of the moneys owing to him, which has not been established. Defendant's additional argument that the trial court erred in denying his motion for a mistrial is not persuasive. We find no reason to disturb the jury's verdict. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.