■ CHASE MANHATTAN BANK, N. A., Respondent, v SAMUEL A. MEHLMAN, as Trustee for the ADELE MEHLMAN TRUST and for the DAVID ELKIN TRUST, Appellant.—Order, Supreme Court, New York County, entered March 14, 1977, unanimously reversed, on the law, and defendant-appellant's motion for summary judgment dismissing the complaint granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The motion was based on the Statute of Frauds (Uniform Commercial Code, § 8-319). We find nothing whatever in the proffered writing "sufficient to indicate that a contract has been made [subd (a)]." The alleged contract is said to be stated in a letter by plaintiff-respondent to defendant-appellant concerning certain securities. The complaint alleges an agreed-to sale, and seeks to hold defendant as buyer to a claimed agreement to purchase. Plaintiff, in its brief and on argument, characterizes the transaction as a "reverse repurchase agreement," covering a somewhat esoteric type of arrangement wherein defendant's securities were loaned for a short period to plaintiff to supply inventory to cover plaintiff's short supply of the security. The difficulty is that the transaction is not so pleaded nor was it so described in the letter. On analysis of the letter, we find that plaintiff "agrees to sell back" the described securities, theretofore acquired from defendant, "at a future time not less than two weeks hence" at a certain price; defendant is not obligated by a single word in the letter to do anything at all. Instead, he "has the right to request return of the securities with one day's notice" at a described price, with a right reserved to plaintiff "to match the best bid when [defendant] chooses to sell." We read the letter not to be a mutually agreeable contract or purchase and sale, but an option only, granted to defendant by plaintiff, with a reservation to plaintiff to reacquire, if resold, at a certain price. That defendant signed a copy of the letter does not constitute it a contract of sale. We find the letter without ambiguity, a lack of artfulness in drawing it not being such. In our interpretation, we take due regard of the hornbook principle that, should there be difficulty in construction, any doubt—here nonexistent—would be resolved against plaintiff as the draftsman. Nor would evidence as to custom and usage involved in a reverse repurchase agreement be of any avail to plaintiff, even if admissible in the face of the written "agreement" in evidence. The case is pleaded solely on an alleged written contract, claimed to satisfy the Statute of Frauds, and it is this writing which controls. Plaintiff cannot have it both ways. As to the transaction embraced in the second cause, we do not even find a covering letter, so there is no "contract"

to consider at all. Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.