■ JAMES BERARDI, INC., Respondent, v CALLANAN INDUSTRIES, INC., Appellant.—Appeal from a judgment of the Supreme Court, entered April

26, 1977 in Ulster County, upon a verdict at Trial Term in favor of plaintiff. This is an action to recover damages for defendant's alleged breach of a written contract in failing to deliver materials to plaintiff's job site. Plaintiff was the successful bidder on certain work to be performed at a project known as the Kingston Uptown Renewal Program. By a letter dated March 6, 1973 defendant offered to supply plaintiff with all its requirements for crushed stone and blacktop for the project. The pertinent language of the document reads as follows: "Binder & top $6.00 per ton, f.o.b. Pt. Ewen plus $1.15 trucking. There will be 30 minutes free unloading time after which there will be a charge of $16.50 per hour." The agreement was executed by the parties on March 28, 1973. Plaintiff commenced work in April, 1973 and purchased crushed stone from defendant, some of which was delivered by defendant and some picked up by plaintiff. When plaintiff arrived at that stage of construction where it needed blacktop, defendant was requested to deliver same and refused. Plaintiff thereafter allegedly purchased the necessary blacktop from another at a cost of $8 per ton, exclusive of delivery. The instant action seeks to recover damages for the additional expense incurred by plaintiff. The jury found in favor of plaintiff and this appeal ensued. Defendant raises several issues urging reversal, the first being that the court abused its discretion in permitting plaintiff to amend its complaint at the outset of trial. We disagree. Permission to amend a pleading may be granted at any time and should be freely given (CPLR 3025, subd [b]). The record demonstrates that defendant was not prejudiced since the amendment merely reduced the scope of proof under the original pleadings. We also reject defendant's contention that while it was obligated to sell plaintiff the necessary crushed stone and blacktop, as a matter of law, it was not obligated to deliver. Concerning delivery, the contract was ambiguous and consequently a question of fact was presented for the jury's determination *(Famark Elec. Co. v Kagan,* 55 AD2d 696, 697). It must also be noted that due to the fact that the contract was drawn by defendant, any ambiguity should be strictly construed against it *(Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY2d 342, 348). There is, in our view, ample evidence in the record to justify the conclusion that defendant, under the contract, agreed to deliver. Finally, we pass to the question of damages. Plaintiff sued on the basis of defendant's failure to deliver. The material was to be supplied and delivered at a price of $7.15 per ton. Plaintiff's president testified that when defendant failed to perform the contract, the material was purchased elsewhere at a cost of $8 per ton, but the trucking was extra. As to the material actually received by plaintiff, there was no evidence concerning the cost of delivery and any determination of such cost would be speculative. Consequently, in our view, there is a failure of proof on the issue of damages. The measure of damages is the difference between the contract price for the supply and delivery of the material and the price paid by plaintiff for the supply and delivery of the material actually received. The amount of damages having been improperly determined, the judgment on this issue must be reversed. Judgment modified, on the law and the facts, by reversing so much thereof as awarded damages to plaintiff in the amount of $18,564.26, and matter remitted for a new trial limited solely to the issue of damages, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney and Kane, JJ., concur; Staley, Jr., J., dissents and votes to affirm.