■ McMANUS-TESSITORE AGENCY, on Behalf of Itself and All Others Similarly Situated, Respondent, v ALBIN CONSTRUCTION CORP., Appellant, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered May 25, 1977 in Delaware County, which granted plaintiff's motion for summary judgment on its first cause of action and directed that an assessment of damages be made. Plaintiff is an insurance broker and agent. It brought this action to recover premiums allegedly due on insurance policies procured on defendants' behalf. Plaintiff moved for summary judgment and Special Term granted the motion on the question of liability, but refused to award damages until an assessment had been made. Defendants appealed, contending that liability had not been established and numerous factual issues remained to be resolved. We agree. Special Term, in our view, correctly determined that several factual issues had been raised concerning the amount of damages. These issues include claims by the defendants of overcharges, double billing, wrongful charges and concealed charges. A review of defendants' claims suggests that if they are proven, plaintiff would not be entitled to any damages. Summary judgment is to be granted only where there are clearly no factual issues *(Becker-Fineman Camps v Public Serv. Mut. Ins. Co.*, 52 AD2d 656). Furthermore, since the factual issues relate solely to the amount of damages, and that question is so closely related to that of liability, proof on an assessment would be virtually identical to the proof on trial. Neither the time nor the effort of

either the court or the litigants would be spared by the granting of summary judgment and, consequently, it is our opinion that plaintiff's motion for summary judgment on the first cause of action was improperly granted on the issue of liability (see *Garvey v St. Paul Fire & Mar. Ins. Co.,* 58 AD2d 992; *McMahon v Pfister,* 49 AD2d 729). Therefore, so much of the order as appealed from should be reversed and plaintiff's motion for summary judgment denied. Order modified, on the law, by reversing so much thereof as granted plaintiff's motion for summary judgment on its first cause of action on the issue of liability; motion denied, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney and Kane, JJ., concur; Greenblott and Staley, Jr., JJ., dissent and vote to affirm in the following memorandum by Greenblott, J. Greenblott, J. (dissenting). We respectfully dissent. An examination of the records and briefs and consideration of oral arguments leads to the conclusion that Special Term correctly decided the case before it. None of defendants' objections relates to the underlying allegations of plaintiff's complaint, i.e., that plaintiff served as defendants' broker and procured policies and bonds to meet their needs. Every question raised relates only to items of damage and their amount. While there may be cases in which the issues of liability and damages are so intertwined as to make separate trials duplicative and incomplete, the decision should be left to Special Term's discretion (see CPLR 603). In our view, defendants will be adequately protected by a trial on damages. Plaintiff still carries the burden of proving its damages and defendants can raise their claims of overcharges, double billing, wrongful charges, concealed charges and all other claims at that time. We fail to perceive any prejudice in Special Term's handling of this case.