■ ROBERT DEAN et al., Appellants, v ROBERT CROSS, Defendant, and CATSKILL MOUNTAINS PETROLEUM CORPORATION, Respondent.—Appeal from so much of an order of the Supreme Court at a Trial Term, entered August 9, 1979 in Greene County, as denied plaintiffs' motion to amend their complaint and for an assessment of damages. Plaintiffs commenced this action on August 26, 1978 against Howard Thorp and Robert Cross by service of a summons, complaint and order to show cause with a temporary restraining order enjoining the defendant from allowing petroleum products to enter the underground water table and permeate plaintiffs' residence. On September 7, 1978, an order was entered granting a preliminary injunction and deleting Thorp as a defendant, while adding the defendant Catskill Mountains Petroleum Corporation. The sole relief sought by plaintiffs in their complaint was a permanent injunction, although they alleged: "7. The

foregoing condition constitutes a serious and present hazard to the health of plaintiffs, and on information and belief, said hazard will intensify if the condition complained of continues." It appears that sometime after November 6, 1978 and after completing depositions, the client-attorney relationship between plaintiffs and their then counsel was severed. Thereafter, the defendants filed a note of issue on or about March 16, 1979, wherein trial without a jury was demanded. Plaintiffs retained their present counsel on April 11, 1978 and on the day set for trial moved to amend the complaint to include a demand for money damages based upon negligence and nuisance. The court denied the motion because the defendants were being subjected to a preliminary injunction; the defendants were ready to proceed to trial; and since the trial already was scheduled in equity, it would be prejudicial as the defendants would be waiving their right to a jury trial. Generally, the delay of the plaintiffs prompted the denial of their motion. It is apparent that the refusal of the court to permit an amendment of the complaint has a dramatic effect upon the plaintiffs as it totally precludes them from money damages for the condition of their premises and the effect, if any, on their health and other claims. The parties proceeded to trial on the injunction remedy and the court found against defendants, granting a permanent injunction. In the present case, the delay in moving for relief by the plaintiffs was not excessive, and certainly the defendants should have been aware from the allegations of the complaint that money damages were being sustained by the plaintiffs. Leave to amend is to be given freely pursuant to CPLR 3025 (subd [b]) in the absence of prejudice, and the defendants have shown no prejudice other than the fact that there would be a duplication of expenses in regard to an out-of-town witness. The preliminary injunction did not, upon its face, interfere with the use of the defendants' premises and/or their business, but simply ordered no discharge of chemicals or industrial waste "into the ground". As far as expenses are concerned, the trial court could have used its power to impose terms and thereby protect the defendants. Finally, the defendants correctly point out that they were entitled to a jury trial on the issues raised in the amended pleading. The granting of a permanent injunction did not decide the merits as to negligence, nuisance or trespass as set forth in the amended complaint. Order modified, on the law and the facts, by striking so much thereof as denied plaintiffs' motion to amend their complaint and by inserting a provision granting such motion, and matter remitted to Trial Term for a trial of the allegations set forth in the amended complaint, and, as so modified, affirmed, without costs. Main, Mikoll and Herlihy, JJ., concur.

Sweeney, J. P., and Staley, Jr., J., dissent and vote to affirm in the following memorandum by Sweeney, J. P. Sweeney, J. P. (dissenting). We are unable to agree with the result arrived at by the majority and, therefore, dissent and vote to affirm. The trial court, in our view, properly denied plaintiffs' motion to amend the complaint in this equity action for a permanent injunction to include a demand for money damages. To grant such a motion on the day of trial would clearly be prejudicial to defendant.