■ GERALD PERKINS, Appellant, v NEW YORK STATE ELECTRIC & GAS CORPORATION et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Keane, J.), entered June 5, 1981 in Tompkins County, which granted defendant New York State Electric & Gas' motion for summary judgment dismissing the complaint and cross claim, and denied plaintiff's cross motion for summary judgment against both defendants. On August 17, 1978, plaintiff and two New York Telephone Co. employees entered a vault, owned by the telephone company, which housed three electrical transformers and high voltage equipment of defendant New York State Electric & Gas Corp. (NYSEG). Plaintiff, a welder, was in the vault at the telephone company's request for the purpose of measuring the vault and estimating the cost of erecting a protective barricade in front of the transformers. While taking those measurements, he sustained an electrical shock with resultant injuries. This action for damages against both New York Telephone Co. and NYSEG followed. NYSEG successfully moved for summary judgment dismissing both plaintiff's complaint and New York Telephone Co.'s cross claim. Plaintiff's cross motion for summary judgment against both defendants was denied. This appeal by plaintiff ensued. A reading of the parties' depositions, attached to the moving papers, indicates that there were no readily visible signs warning of the high voltage contained in the transformers or of the danger of approaching or coming into contact with them. Moreover, although the telephone company's employees who accompanied plaintiff into the vault knew the

transformers were highly charged, they were unaware of what safety procedures should be followed. Evidence is lacking that NYSEG had apprised the telephone company of the dangerous nature of the installation or of the safety precautions to be adopted by persons entering the vault. A triable factual question having been raised as to whether NYSEG properly discharged its duty to warn those having access to the vault of the dangers within, summary judgment in NYSEG's favor was inappropriate (see *McManus-Tessitore Agency v Albin Constr. Corp.*, 63 AD2d 1067). This factual issue, as well as the matter of plaintiff's contributory negligence, amply justified Special Term's denial of plaintiff's cross motion for summary relief. Order modified, on the law, by reversing so much thereof as granted the motion by defendant New York State Electric & Gas Corp. for summary judgment dismissing the complaint and cross claim, and motion denied, and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.