GERALD PERKINS, Appellant, v NEW YORK STATE ELECTRIC & GAS CORPORATION et al., Respondents. — Appeal from orders of the Supreme Court at Special Term (Lee, Jr., J.), entered June 15, 1982 and September 23, 1982 in Tompkins County, which denied plaintiff's motion for leave to serve an amended complaint. The facts giving rise to the personal injuries plaintiff allegedly suffered on August 17, 1978, are set out in our prior decision in this case (86 AD2d 722). Complaints alleging negligence and the maintenance of an inherently dangerous condition were served upon defendant New York State Electric & Gas Corp. (NYSEG) in November, 1979, and upon defendant New York Telephone Co. (NY Tel) in February, 1980. Examinations before trial were completed in April, 1980, and the following September plaintiff filed a note of issue and statement of readiness. On January 16, 1981, NYSEG moved for summary judgment against plaintiff and NY Tel. Shortly thereafter, on February 5, 1981, plaintiff sought to amend his complaint to assert a cause of action against both defendants based upon a violation of section 200 of the Labor Law. NYSEG opposed the motion to amend claiming that an amendment should not be permitted until the court rendered a decision upon the summary judgment motion. Plaintiff withdrew his motion to amend pending that decision. By order dated June 3, 1981, the motion was granted in favor of NYSEG; an appeal ensued and Special Term's order was reversed by this court on January 21, 1982 (86 AD2d 722). In the interim, on August 28, 1981, this case was struck from the Trial Calendar. On February 11, 1982, plaintiff moved once again to amend the complaint to include the Labor Law cause of action. Special Term denied the motion and this appeal followed. At the outset, we note that any delay which occurred after plaintiff's initial attempt to amend on February 5, 1981, is not properly chargeable to plaintiff. The

withdrawal of that motion was at NYSEG's request and was not objected to by NY Tel. Thus, our consideration is limited to whether the February 5, 1981 motion, occurring nearly five months after the filing of the note of issue, was untimely and, therefore, improper. We hold that it was not. Leave to amend "shall be freely given" under CPLR 3025 (subd [b]) absent prejudice or surprise which is a direct product of the delay (*Fahey v County of Ontario,* 44 NY2d 934). Here, defendants have failed to demonstrate that prejudice would occur if the late amendment is allowed. The argument that further discovery will be necessary and more time will be expended to defend the Labor Law claim does not justify denial of the motion (see *Campbell v La Forgia Oil Co.,* 81 AD2d 824). Other factors militating in favor of granting plaintiff's motion include the absence of any new factual allegations in the amendment (*Adams v Resseguie,* 73 AD2d 737), the additional notice defendants were provided with when plaintiff withdrew his initial motion to amend pending ultimate disposition of the summary judgment motion, and the relatively brief period of time which passed between the filing of the note of issue in September, 1980 and the February, 1981 motion to amend the complaint (cf. *Dean v Cross,* 76 AD2d 1028; *James Berardi, Inc. v Callanan Inds.,* 63 AD2d 804; see, also, *Bronson v Potsdam Urban Renewal Agency,* 74 AD2d 967). Orders reversed, on the law and the facts, with costs, plaintiff's motion for leave to serve an amended complaint granted, and the parties are authorized to conduct such additional discovery as is reasonably necessary to prosecute and defend the Labor Law cause of action only. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.