OPINION OF THE COURT
Arthur W. Lonschein, J.
Plaintiff, the holder of a promissory note made by the defendants, has brought this action for collection thereof when the defendants failed and refused to make the required payments thereunder. The promissory note was given to secure payment of the balance owed pursuant to a contract of sale of plaintiff’s share of a "Boars Head” food provision route, sold by this plaintiff and his co-owner, one John Messina, to the defendants. Separate notes were given to Messina by the defendants to secure payment of Messina’s share of the route sold. Parenthetically, the defendants failed and refused to pay the notes payable to Messina; Messina sued on the notes in Supreme Court, Nassau County, and judgment was granted in favor of Mr. Messina on those notes payable to him.
At the final closing of the sale of the business November 27, 1984, the defendants jointly and severally obligated themselves to pay $375,000 to plaintiff, with interest precomputed over a period of 10 years. Payments were to be made weekly in sums of $500 for a period of five years and $700 a week for an additional five years. Prior to the November 27th closing, there were negotiations which led to a purported sale of November 7th. When the parties could not meet their obligations, this led to another meeting and the final sale of November 27th. In addition, the parties agreed that the defendants were to pay the Christophers’ family medical insurance during those 10 years which at the time of default came to the sum of $4,400 annually. The final transfer of the business was made at the closing and the defendants commenced and continued to pay on the notes and medical insurance for six years when the defendants stopped and failed making payments, although due demand was made upon them for payment. Following that refusal, this lawsuit was instituted.
The plaintiff has submitted proof that there remains due on the note the sum of $145,600, representing four years (208 weeks) of what was to be paid at $700 per week; an additional sum of $63,700, representing the final balloon payment, and *781 $17,600, representing what was to be paid for medical insurance at $4,400 per year for the four additional years remaining on the note, totalling $17,600, adding to a grand total of $226,900 together with interest on the same for four years.
The defendant has raised certain defenses to this action. First is the defense of certain illegalities, that there were cash payments to hide the true nature of the transaction from the Internal Revenue Service. This defense has not been proven and is rejected. Second is the defense that the plaintiff, Christopher, was persona non grata with the franchisor, the Boars Head Company, and had nothing to sell the defendants because he, Christopher, was dealing with the franchisor under a subterfuge. This defense is likewise rejected. Christopher sold all his right, title and interest as well as the goodwill he built up and acquired in the retail customers to whom he sold Boars Head products. Not only was the defendant Gurrieri another Boars Head distributor in the same fashion as Christopher in that he bought from Boars Head their products and resold the same to his customers, on his own separate provision route, but he still operates the majority of the stops he bought from Christopher and his partner to this day, more than 10 years later. This was a hands on transaction with an experienced buyer who received exactly what he bargained for. Nor do the defendants deny the making of the note, the six years of payments thereon, the failure and their refusal to pay the balance of the four years and neither do they deny the demand of the plaintiff for payment.
The main argument of the defense is that the note is based upon a usurious loan or forbearance and the obligation to pay the note and any balance thereof is void and unenforceable. The defendant Gurrieri argues that the obligation under the note represents a loan or forbearance at a usurious rate of interest, and as such the obligation sued upon is void and unenforceable. General Obligations Law § 5-501 forbids loans and forbearance beyond the legal rate of interest (16%) and contracts which call for a higher rate are void. The difficulty with defendants’ position is that no matter how it is put, this transaction was a sale of plaintiff’s property which called for a deferred payment of 10 years, payable weekly in certain amounts, payments of medical insurance and a final balloon payment. This is how plaintiff chose to give time to the defendants to pay and this is how defendants agreed to pay for the route. Examining the transaction closely, it is a sale of property, structured into long-term payments. At best, it is a *782 purchase-money deferred transaction comparable to a purchase-money mortgage. A purchase-money mortgage is part of the terms of a sale between buyer and seller of property to secure the unpaid balance of the purchase price. It is not a loan from a bank or lender not a party to the transaction made in order to enable a buyer to purchase the property. Such a loan from a third party is subject to the usury laws. This transaction, being a purchase-money credit obligation, is not subject to the usury laws. The law in New York is that a purchase-money mortgage does not constitute a "loan or forbearance” within the meaning of General Obligations Law § 5-501 (1) (Mandelino v Fribourg, 23 NY2d 145, 146), and it has been held that purchase-money mortgages constitute an exception to the usury laws. (Szerdahelyi v Harris, 67 NY2d 42.) Such a deferred payment transaction, where interest is called for at a higher rate than the law allows, is merely a method by which a purchase price is paid and is a means of increasing the nominal purchase price and is not a loan subject to the proscriptions of the usury laws. (DHNH Realty Corp. v Jeantet Residence for Seniors, 105 Misc 2d 690.)
Accordingly, the plaintiff is entitled to judgment against the defendants for the sum of $226,900, plus interest from January 1, 1994 in the amount of $90,760, with costs and may have execution therefor.